HOEKSTRA, P.J.
The prosecution appeals by leave granted a circuit court order vacating defendant’s nolo contendere plea. Because the district court failed to advise defendant of his Jaworski[1] rights during the plea proceedings as required by MCR 6.610(E)(4), the district court abused its discretion when it denied defendant’s motion to set aside defendant’s plea, and the circuit court properly reversed the district court’s decision. We affirm.
As a result of an incident with his wife at a restaurant on May 27, 2013, defendant was charged with one count of domestic violence under MCL 750.81(2). The prosecution offered defendant a plea agreement, which he accepted. Under this agreement, defendant would plead no contest to one count of domestic violence in exchange for a sentence consisting of one year of probation with credit for two months of probation *563 already served, and no jail time. It is uncontested that, on May 31, 2013, defendant signed a written “Pre-Trial Conference Summary’ form detailing the terms of the plea agreement.[2] This form, signed by defendant, also included the following waiver of defendant’s trial rights:
I HEREBY ACCEPT THE ABOVE AGREEMENT AND WAIVE THE FOLLOWING RIGHTS:
1. THE RIGHT TO A JURY TRIAL OR TRIAL BY THE COURT.
2. THE RIGHT TO BE PRESUMED INNOCENT UNLESS PROVEN GUILTY BEYOND A REASONABLE DOUBT.
3. THE RIGHT TO CONFRONT AND QUESTION THE WITNESSES AGAINST ME.
4. THE RIGHT TO HAVE THE COURT COMPEL WITNESSES TO COME TO COURT AND TESTIFY FOR ME.
5. THE RIGHT TO TESTIFY AT MY TRIAL. THE RIGHT TO REMAIN SILENT AND NOT HAVE MY SILENCE USED AGAINST ME.
6. THE RIGHT TO BE REPRESENTED BY A LAWYER, AND THE RIGHT TO HAVE THE COURT APPOINT A LAWYER TO REPRESENT ME IF I AM INDIGENT AND MEET CERTAIN CONDITIONS.
On May 31, 2013, the district court held a hearing during which the parties indicated that they had come to a resolution in the case and that defendant wished to enter a no-contest plea. After recounting the terms of the agreement and confirming that defendant realized the plea would constitute a violation of a previous *564 order of probation entered in another case, the district court concluded that there was factual support for defendant’s plea in the contents of an incident report dated May 27, 2013. In terms of advising defendant of the rights he waived by entering a plea, the district court engaged in the following brief colloquy with defendant:
[District Court]: Mr. Al-Shara are you giving up your Constitutional Rights to a trial by judge or jury in this case?
[Defendant]: Yes, Your Honor.
[District Court]: Is anybody forcing you into this in any way whatsoever, Mr. Al-Shara?
[Defendant]: No, Your Honor.
[District Court]: Very well. The Court will accept the plea of no contest on 13S01020[;] we will enter a finding of a probation violation on 12S0273.
Once the district court accepted defendant’s plea, it heard the victim’s impact statement, and it immediately proceeded to sentence defendant in accordance with the plea agreement reached by the parties.
On August 9, 2013, defendant filed a timely motion in the district court to withdraw his plea. In relevant part, defendant asserted that he should be permitted to withdraw his plea because the district court failed to advise defendant of his rights as required by MCR 6.610(E). According to defendant, this obvious error affected his substantial rights and merited setting aside his plea.
The district court disagreed and denied defendant’s motion. The district court reasoned that the proceedings as a whole did not so deviate from the court rule that defendant’s substantial rights were affected, and that to allow defendant’s plea to stand would not *565 constitute a miscarriage of justice as required to set aside defendant’s plea after conviction and sentencing. See People v Ward, 459 Mich 602, 614; 594 NW2d 47 (1999). In reaching this conclusion, the district court characterized any deviation from the court rules as a mere “technical failure.” The district court further reasoned that defendant was not harmed by this technical failure because defendant signed a written form advising him of his rights, defendant was “not a stranger to court proceedings,” and defendant had failed to provide an affidavit attesting to the fact that he actually failed to understand his rights. The district court farther suggested that defendant’s real motivation in seeking to set aside his plea was simply to avoid the probation violation consequences arising in his other case. Under these circumstances, the trial court concluded that defendant had not shown a miscarriage of justice arising from the plea proceedings and was therefore not entitled to have his plea set aside.
After the district court denied defendant’s motion, defendant filed a claim of appeal in the Wayne Circuit Court, again asserting that his plea should be set aside because the district court failed to comply with MCR 6.610(E). The circuit court applied a substantial compliance standard to its review and concluded that the plea-taking process in this case was “clearly defective” because defendant had not been advised of his rights on the record, and because the district court had failed to refer to the form signed by defendant to confirm that defendant had read and understood the form’s content as required by MCR 6.610(E)(4). Because the rights omitted by the district court included the constitutional rights set forth in Boykin[3] and Jaworski, the *566 circuit court concluded that defendant’s plea was invalid, that the error could not be corrected on remand, and that defendant was therefore entitled to withdraw his plea. For these reasons, the circuit court vacated defendant’s plea and remanded to the district court for trial. Following the circuit court’s decision, the prosecutor filed an application for leave to appeal in this Court, which we granted.[4]
On appeal, the prosecutor argues that the circuit court erred by vacating defendant’s plea because the district court substantially complied with MCR 6.610(E), and defendant has not shown that any deviation from the court rule affected his substantial rights. Instead, according to the prosecution, any errors committed by the district court were minor and the combination of written and oral waivers during the proceedings served to adequately advise defendant of his rights. Because there is no indication that defendant failed to actually understand his rights, the prosecutor maintains that defendant has not shown error affecting his substantial rights or a miscarriage of justice. Under these circumstances, the prosecutor asserts that the district court did not abuse its discretion by denying defendant’s motion to withdraw his plea.
A trial court’s ruling on a motion to withdraw a plea is reviewed for an abuse of discretion. People v Brown, 492 Mich 684, 688; 822 NW2d 208 (2012). An abuse of discretion occurs when the trial court’s decision falls outside the range of principled outcomes. People v Fonville, 291 Mich App 363, 376; 804 NW2d 878 (2011). A trial court also necessarily abuses its discretion when it makes an error of law. People v Swain, 288 Mich App 609, 628-629; 794 NW2d 92 (2010). To the *567 extent resolution of this case poses questions of constitutional law or requires interpretation of court rules, our review is de novo. People v Clement, 254 Mich App 387, 389-390; 657 NW2d 172 (2002).
“There is no absolute right to withdraw a guilty plea once the trial court has accepted it.” People v Patmore, 264 Mich App 139, 149; 693 NW2d 385 (2004). Nonetheless, when there has been a defect in the plea-taking process, a defendant may seek to set aside his or her plea. See Brown, 492 Mich at 693; City of Livonia v Jasik, 393 Mich 439, 442-443; 224 NW2d 838 (1975). The withdrawal of a plea entered in district court is governed by MCR 6.610(E)(8), which states:
(a) A defendant may not challenge a plea on appeal unless the defendant moved in the trial court to withdraw the plea for noncompliance with these rules. Such a motion may be made either before or after sentence has been imposed. After imposition of sentence, the defendant may file a motion to withdraw the plea within the time for filing an application for leave to appeal under MCR 7.105[G](2).
(b) If the trial court determines that a deviation affecting substantial rights occurred, it shall correct the deviation and give the defendant the option of permitting the plea to stand or of withdrawing the plea. If the trial court determines either a deviation did not occur, or that the deviation did not affect substantial rights, it may permit the defendant to withdraw the plea only if it does not cause substantial prejudice to the people because of reliance on the plea.
(c) If a deviation is corrected, any appeal will be on the whole record including the subsequent advice and inquiries.
As this rule makes plain, a defendant may seek to withdraw his or her district court plea for noncompliance with the plea-taking requirements set forth in the *568 court rules, but to succeed on such a motion, a defendant must demonstrate that a deviation affecting substantial rights occurred. See MCR 6.610(E)(8)(b). Given the requirements of the court rule for setting aside a plea, the question before us in this case is twofold: (1) whether the trial court deviated from the court rules governing the plea-taking process, and (2) if so, whether this deviation entitles defendant to set aside his plea.
The process for accepting a plea in district court is set forth in MCR 6.610(E). Under this rule, before accepting a plea of guilty or nolo contendere, the district court has an obligation to determine that the plea is “understanding, voluntary, and accurate.” MCR 6.610(E)(1). See also Brown, 492 Mich at 688-689. For a plea to be voluntary and understanding, a defendant must be aware of the rights he or she waives by entering the plea as well as the direct consequences of the plea. See People v Cole, 491 Mich 325, 332-333; 817 NW2d 497 (2012). A defendant must be sufficiently aware of his or her trial rights and the direct consequences of his or her plea before a defendant can make “ ‘a voluntary and intelligent choice among the alternative courses of action open to the defendant.’ ” See id. at 333, quoting North Carolina v Alford, 400 US 25, 31; 91 S Ct 160; 27 L Ed 2d 162 (1970).
“A no-contest or a guilty plea constitutes a waiver of several constitutional rights, including the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one’s accusers.”[5] *569 Cole, 491 Mich at 332. Because a defendant waives these rights by entering a plea, “the defendant must be informed of these three rights, for without knowledge he cannot understandingly waive those rights.” Jaworski, 387 Mich at 29. While there are other rights about which a defendant must also be informed, these three rights, often referred to in Michigan as the Jaworski rights, were given preeminent importance in plea proceedings by the United States Supreme Court in Boykin, 395 US at 243. And, in Jaworski, 387 Mich at 31, the Michigan Supreme Court later determined that a felony conviction entered pursuant to a plea must be set aside if the defendant was not advised of all three rights — his or her rights to a jury trial, to confront his or her accusers, and to remain silent. As a matter of policy, these advice-of-rights requirements were imported into the district court context in 1988 via the court rules so that a district court must, like a circuit court, advise a defendant pleading to a misdemeanor of these Jaworski rights at the plea proceedings. See People v Yost, 433 Mich 133, 140; 445 NW2d 95 (1989).
In particular, among other rights and information, MCR 6.610(E)(3) specifically requires the district court to inform a defendant of the Jaworski rights he or she will waive by entering a plea. The rule states:
(3) The court shall advise the defendant of the following:
*570 (a) the mandatory minimum jail sentence, if any, and the maximum possible penalty for the offense,
(b) that if the plea is accepted the defendant will not have a trial of any kind and that the defendant gives up the following rights that the defendant would have at trial:
(i) the right to have witnesses called for the defendant’s defense at trial,
(ii) the right to cross-examine all witnesses called against the defendant,
(iii) the right to testify or to remain silent without an inference being drawn from said silence,
(iv) the presumption of innocence and the requirement that the defendant’s guilt be proven beyond a reasonable doubt. [MCR 6.610(E)(3).]
Regarding the manner in which this information may be imparted, MCR 6.610(E)(4) directs that a defendant may be informed of these rights as follows:
(a) on the record,
(b) in a writing made part of the file, or
(c) in a writing referred to on the record.
If the court uses a writing pursuant to subrule (E)(4)(b) or (c), the court shall address the defendant and obtain from the defendant orally on the record a statement that the rights were read and understood and a waiver of those rights. The waiver may be obtained without repeating the individual rights.
Given the plain language of MCR 6.610(E)(4), it is clear that a defendant may be advised of his or her rights either in writing or on the record. Either manner is sufficient. However, whatever manner is used, the rule makes plain that there must be some colloquy with a defendant on the record regarding his or her rights to ensure that the defendant has been advised of *571 those rights. That is, even if a defendant is advised of his or her rights in writing, the rule mandates that “the court shall address the defendant and obtain from the defendant orally on the record a statement that the rights were read and understood and a waiver of those rights.” MCR 6.610(E)(4) (emphasis added). The trial court need not necessarily reiterate each of the individual rights on the record, but it must, at a minimum, verify that the defendant did in fact read and understand those rights. Id. In the absence of such a colloquy on the record, intelligent waiver of these important rights cannot be presumed. See Jaworski, 387 Mich at 29.
When considering whether a trial court complied with the court rules governing plea proceedings and whether any deviation entitles a defendant to reversal of his or her plea, we review under the doctrine of substantial compliance[6] whether the trial court ob *572 served the court rules detailing the plea-taking procedure. People v Saffold, 465 Mich 268, 273; 631 NW2d 320 (2001). Under this doctrine, literal or “talismanic” compliance with the court rules is not required. See id. at 280; Guilty Plea Cases, 395 Mich 96,124; 235 NW2d 132 (1975). Instead, reviewing courts consider the record to determine whether “the judge informed the defendant of the constitutional and other rights delineated in the rule in such manner as reasonably to warrant the conclusion that the defendant understood what a trial is and that by pleading guilty he was knowingly giving up his right to a trial and the rights and incidents of a trial.” Guilty Plea Cases, 395 Mich at 124. However, when applying the doctrine of substantial compliance, there must be consideration of the preeminence given the Jaworski rights, and it remains the rule in Michigan that failure to advise a defendant of his or her Jaworski rights during plea proceedings mandates automatic reversal and the setting aside of the defendant’s plea. See Saffold, 465 Mich at 273, citing Jaworski, 387 Mich 21. See also People v Plumaj, 284 Mich App 645, 649; 773 NW2d 763 (2009). Omission of a Jaworski right requires automatic reversal because a valid waiver of these important Jaworski rights cannot be presumed from a silent record, Jaworski, 387 Mich at 29, and this type of “Jaworski defect cannot be corrected on a remand,” Guilty Plea Cases, 395 Mich at 121. Consequently, when considering the plea proceedings “[t]o determine if there was substantial compliance with the court rule, the first question is whether the right omitted or misstated is a ‘Jaworski right.’ ” Saffold, 465 Mich at 273.
*573 If a Jaworski right is omitted from the plea proceedings, then reversal is mandated. However, the omission iromthe plea proceedings of one or another of the rights attendant to a trial, other than a Jaworski right, or the imprecise recital of any such right, including a Jaworski right, does not necessarily require reversal. [Saffold, 465 Mich at 273-274.[7]
In this case, defendant’s Jaworski rights are clearly implicated. At the plea hearing, the district court appropriately referenced defendant’s right to a jury trial but wholly failed to inform defendant of his right to remain silent and his right to confront his accusers. See MCR 6.610(E)(3)(b). The district court also failed to make any reference to defendant’s execution of a written advice-of-rights form or to verify that defendant actually read and understood the rights communicated on the form he signed. See MCR 6.610(E)(4). Moreover, these rights were not mentioned on the record by anyone else within earshot of the district court judge and defendant. See Saffold, 465 Mich at 278-280; Guilty Plea Cases, 395 Mich at 114-115. Given *574 the total omission of two of the three Jaworski rights from the record of defendant’s plea proceedings, it follows that defendant is automatically entitled to have his plea set aside. See Saffold, 465 Mich at 273-274; Jaworski, 387 Mich at 31.
In contrast to this conclusion, the prosecutor maintains that defendant’s plea should not be automatically set aside because defendant’s uncontested signature on a written form advising him of these rights satisfies the substantial compliance standard with respect to MCR 6.610(E)(4). The obvious flaw with this substantial compliance argument is that it would, in effect, obviate the requirement that the court refer to defendant’s Jaworski rights on the record in some manner — either by enumerating those rights or by verifying that defendant had read and understood a written advice of those rights. In other words, under MCR 6.610(E)(4), if a written form is used to inform a defendant of his or her rights, two requirements are mandatory: (1) the writing must detail the rights in question, and (2) the court must conduct an oral colloquy with the defendant, on the record, regarding that writing. When a court completely abdicates its obligation to personally discuss the writing with a defendant on the record, and the rights contained in the writing are not otherwise imparted to a defendant on the record during the plea proceedings, we fail to see how the district court can be said to have substantially complied with MCR 6.610(E)(4).[8] Under these circum *575 stances, the issue is not one of wording or phraseology to which substantial compliance applies. See, e.g., Guilty Plea Cases, 395 Mich at 123. Rather, the issue is one of omission. Because the district court failed to enumerate defendant’s rights, or in lieu of itemizing those rights, to refer to the form executed by defendant, the district court wholly failed to apprise defendant of his Jaworski rights at the plea proceedings.
In contrast to the prosecutor and the district court, we cannot characterize the district court’s failure as merely being an unimportant technical defect that does not entitle defendant to relief. The requirement that the court personally address defendant on the record regarding the waiver of trial rights is not a meaningless formality. Rather, the court’s obligation to assume the principal role of imparting the required information is a central component of the plea-taking process, and it serves a number of important purposes. See Guilty Plea Cases, 395 Mich at 114. First, it preserves the integrity of the process by which pleas are offered and creates a clear record for appellate review. Second, it provides the trial court with an opportunity to observe a defendant’s demeanor and response to the imparted information, thereby facilitating the trial court’s assessment of the defendant’s understanding of the information. Finally, it serves to impress upon a defendant the gravity and import of his or her plea at “the solemn moment of passage from *576 presumed innocence to conviction . . . See id. at 114, 120-122; Jaworski, 387 Mich at 31; Napier, 69 Mich App at 48-49. As more fully articulated by our Supreme Court in Guilty Plea Cases, 395 Mich at 121:
That a defendant may have been tried by a jury in another case or learned of his rights in an earlier plea-taking proceeding would no more negate his right to be informed of the right to and incidents of a trial at the time a plea of guilty is offered than would proof that he had seen Perry Mason on television or read Erie Stanley Gardner.
Many defendants have been made aware at one time or another of the right to and incidents of a trial and the consequences of a plea of guilty. Nevertheless, whatever the personal history of the accused and the quality of his representation, the appearance of justice and the integrity of the process by which pleas of guilty are offered and accepted require, in the solemn moment of passage from presumed innocence to conviction and potential imprisonment, that the judge apprise every defendant of the rights he is waiving and consequences of his plea and make the other determinations required by the rule.
In this solemn context, a written advice of rights alone — signed by a defendant off the record and outside of the court’s presence, and unreferenced by the court or anyone else during the plea hearing — cannot satisfy, substantially or otherwise, a trial court’s obligation under MCR 6.610(E)(4) to ensure that the defendant’s plea is understandingly and voluntarily made with knowledge of his or her Jaworski rights. Thus, even when a written advice-of-rights form has been signed by a defendant, there cannot be a total omission of any reference during the in-court proceedings to either the enumerated rights in question or to the form itself signed by defendant off the record.[9] See *577 Saffold, 465 Mich at 280. Moreover, when the rights implicated by the plea-taking procedure include a defendant’s Jaworski rights, the defendant is automatically entitled to set aside his or her plea when reference to those rights, either by their express enumeration or by reference to a written document, is omitted from the in-court plea proceedings. See Saffold, 465 Mich at 273, 281; Jaworski, 387 Mich at 31.
Consequently, in this case, because the district court failed to substantially comply with MCR 6.610(E) and the deviation implicated defendant’s Jaworski rights, defendant was automatically entitled to set aside his plea. Therefore, the district court abused its discretion by denying defendant’s motion to set aside his plea. For this reason, we affirm the circuit court’s order reversing the district court and remanding for trial.
Affirmed.
BORRELLO, J., concurred with HOEKSTRA, P.J.

 People v Jaworski, 387 Mich 21; 194 NW2d 868 (1972).

 Although we do not have the benefit of the district court file, this document appears as an exhibit to the prosecution’s application for leave to appeal in this Court. The parties do not contest that this document was signed by defendant.

 Boykin v Alabama, 395 US 238, 243; 89 S Ct 1709; 23 L Ed 2d 274 (1969).

 People v Al-Shara, unpublished order of the Court of Appeals, entered April 18, 2014 (Docket No. 320209).

 These constitutional rights also exist in the context of misdemeanor offenses. See, e.g., Berkemer v McCarty, 468 US 420,433; 104 S Ct 3138; 82 L Ed 2d 317 (1984) (applying the constitutional prohibition against compelled self-incrimination, as safeguarded through the provision of Miranda warnings, to misdemeanors as well as felonies); District of Columbia v Clawans, 300 US 617, 630-631; 57 S Ct 660; 81 L Ed 843 *569 (1937) (requiring reversal when the misdemeanor defendant’s opportunity for cross-examination was restricted); People v Antkoviak, 242 Mich App 424, 480-482; 619 NW2d 18 (2000) (recognizing the constitutional right to a jury trial for misdemeanor offenses in Michigan under Const 1963, art 1, § 20). See also Pointer v Texas, 380 US 400, 405; 85 S Ct 1065; 13 L Ed 2d 923 (1965) (“There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country’s constitutional goal.”).

 When reviewing defendant’s motion to set aside his plea in this case, the district court mistakenly relied on Ward, 459 Mich at 613-614, in which the Court did not apply the doctrine of substantial compliance but instead emphasized that withdrawal of a guilty plea after conviction and sentencing is disfavored and subject to a showing of a miscarriage of justice. Like the circuit court, we conclude that the instant dispute is controlled not by Ward but by People v Saffold, 465 Mich 268; 631 NW2d 320 (2001). That is, Ward was decided before MCR 6.610, MCR 7.104, and MCR 7.105 were amended to include time constraints for challenging plea-based convictions entered in district court. See Ward, 459 Mich at 614-615. The foundation of Ward’s reasoning was that “long delayed direct appeals” were to be “deemed collateral.” Id. at 614 (appeal was brought more than 12 months after judgement). Collateral attacks on a plea-based conviction — of the type described in Ward — have long been disfavored because the procedural safeguards provided for in Boykin and Jaworski “must at some point be balanced with considerations of finality and administrative consequences in order to best achieve proceedings that are consistent with the rudimentary demands of fair procedure.” People v Ingram, 439 Mich 288, 298; 484 NW2d 241 (1992). Because the present case involves a timely motion to set aside a plea in accordance with the *572 temporal restraints set forth in MCR 6.610(E)(8), the present case is not a collateral attack subject to review under Ward. This case is instead properly considered under the principles of Saffold.

 Although Saffold and Guilty Plea Cases applied the doctrine of substantial compliance when analyzing the procedure for taking felony pleas in circuit courts, we think it appropriate to also apply this doctrine by analogy to the acceptance of misdemeanor pleas in district court under MCR 6.610. While MCR 6.610 is not identical to its circuit court counterpart, MCR 6.302, the two rules nonetheless share many common features and the same overarching aim to inform a defendant of the rights waived by entering a plea, as well as the consequences of a plea. Hence, we are persuaded that, like a circuit court under MCR 6.302, a district court need not conduct the colloquy described in MCR 6.610 verbatim, but it must substantially comply with the rule. And as in the circuit court, whether reversal is required will depend on the nature of the noncompliance, bearing in mind that omission of a Jaworski right requires automatic reversal because such a defect is intrinsically harmful and cannot be corrected on remand. See, generally, Guilty Plea Cases, 395 Mich at 121; Plumaj, 284 Mich App at 649. Where a Jaworski right is not implicated, whether a deviation occurred is judged under the substantial compliance doctrine, and under MCR 6.610(E)(8), a defendant is only entitled to relief if the deviation affected his or her substantial rights.

 Interestingly, this Court has historically rejected the contention that overt record references by the trial court to a written advice-of-rights form satisfy the requirement that a trial court personally address a defendant when apprising him or her of rights waived by entering a plea. See, e.g., People v Napier, 69 Mich App 46, 47-48; 244 NW2d 359 (1976), and cases cited therein. Such procedures are undoubtedly permissible under today’s court rules. See MCR 6.302(B)(5); *575 MCL 6.610(E)(4). However, it is clear from the language in the court rules that the requirement nonetheless remains that a court must personally address a defendant on the record to determine whether the defendant read and understood the written rights, and that this express requirement is distinct from, and cannot be satisfied solely by, a written form. Indeed, as we observe in this opinion, to allow a writing to satisfy both requirements would obviate the plain language of the court rules by effectively eliminating all necessity of an in-court reference to the written form during the plea proceedings.

 We do not hold that literal compliance with MCR 6.610(E)(4) is required. That is, we do not suggest that a talismanic wording is *577 required in the in-court waiver colloquy with a defendant. See Saffold, 465 Mich at 280. Rather, a trial court may substantially comply with the personal address requirement in a number of ways, provided that there is a discussion of a defendant’s rights — or a discussion of the signed advice-of-rights form — at any point during the in-court proceedings, even by someone other than the trial judge. See id.\ Guilty Plea Cases, 395 Mich at 114-115,124. For example, it might satisfy the court rule if, in the presence of the trial court and a defendant, the prosecutor or defense attorney made reference to the fact that the defendant previously signed a form advising defendant of his or her rights. See Guilty Plea Cases, 395 Mich at 114-115.