*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 10, 2022

Plaintiff-Appellee,

v

No. 357177
Eaton Circuit Court
LC No. 20-000854-AR

SHANE BARTLETT,

Defendant-Appellant.

Before: GLEICHER, C.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

In this interlocutory appeal, defendant, Shane Bartlett, appeals by leave granted[1] the circuit court order reversing the district court order that precluded the introduction of text messages between defendant and his wife under the Michigan marital communications privilege, MCL 600.2162(7). We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant is, and was at all relevant times in this case, married to Kellie Bartlett (Bartlett). At some point, Bartlett began having an affair with one of her coworkers. After the relationship ended, Bartlett alleged that her coworker had sexually assaulted her, and defendant reported the assault to police. Investigators later determined that the allegations were false, and Bartlett pleaded guilty to multiple charges, including false report of a felony. Defendant, who had been a police chief at the time, was charged with the common-law offense of misconduct in office, MCL 750.505, lying to a police officer, MCL 750.479c(2)(d), and false report of a felony, MCL 750.411a(1)(b).

At the preliminary examination, the prosecutor attempted to introduce into evidence text messages between defendant and Bartlett. Defense counsel objected and argued that the marital

---

[1] *People v Bartlett*, unpublished order of the Court of Appeals, entered September 29, 2021 (Docket No. 357177).

-1-

communications privilege, MCL 600.2162(7), excluded the admission of the text messages because they were confidential communications made during the marriage. The prosecutor countered the marital communications privilege applied only to testimonial evidence, relying on *People v Fisher*, 442 Mich 560, 575; 503 NW2d 50 (1993). Further, because Bartlett was not being examined in the court proceedings regarding the communications, the prosecutor argued that privilege did not apply. Relying on Maryland law, the district court concluded that the marital communications privilege precluded the admission of the text messages because "[t]ext messages are no less confidential than a telephone call or a letter or an in person private discussion distant from other listeners." The prosecutor filed an interlocutory application for leave to appeal to the circuit court, and the circuit court granted the application and reversed the district court's decision. The circuit court held that the marital communications privilege did not bar the prosecutor from introducing text messages between spouses because neither spouse was called to testify.

## II. ANALYSIS

Defendant contends that the text messages constituted confidential communication between spouses subject to the marital communications privilege, and therefore, the circuit court abused its discretion by concluding that the text messages were admissible. We disagree.

We review for an abuse of discretion a trial court's decision to admit or exclude evidence. *People v Muhammad*, 326 Mich App 40, 47; 931 NW2d 20 (2018). Preliminary questions of law addressing whether a rule of evidence or statute preclude the admission are reviewed de novo. *Id.* "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). A trial court necessarily abuses its discretion when it commits an error of law. *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015).

Relevant to criminal prosecutions, Michigan recognizes a marital communications privilege under MCL 600.2162(7), which provides,

> Except as otherwise provided in subsection (3),[2] a married person or a person who has been married previously *shall not be examined* in a criminal prosecution as to any communication made between that person and his or her spouse or former spouse during the marriage without the consent of the person to be examined. [Emphasis added.]

When interpreting a statute, the appellate court must first examine the plain language of the statute. *People v Anstey*, 476 Mich 436, 443; 719 NW2d 579 (2006). "[W]hen statutory language is unambiguous, judicial construction is not required or permitted." *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008).

---

[2] Although MCL 600.2162(3) recognizes exceptions to the marital communications privilege, the exceptions do not apply in this case.

In *Fisher*, 442 Mich at 575, our Supreme Court made it clear that the marital communications privilege applies only when a spouse testifies. The Court held:

> [W]e conclude that MCL § 600.2162 . . . does not apply in the circumstances presented. The statute provides that neither spouse may "be examined" with respect to any communication made by one to the other during the marriage. This phrase, "be examined," connotes a narrow testimonial privilege only—a spouse's privilege against being questioned as a sworn witness about the described communications. In other words, *the spouse must testify for the privilege to apply. The introduction of the marital communication through other means is not precluded.* [*Id.* (emphasis added).][3]

In this case, the prosecutor made it clear that she would not call Bartlett or defendant to testify about the text messages. MCL 600.2162(7) clearly provides that "a married person . . . *shall not be examined* in a criminal prosecution as to any communication made between that person and his or her spouse . . . ." (Emphasis added.) As our Supreme Court made clear in *Fisher*, 442 Mich at 575, the introduction of the marital communications through other means, such as the introduction of text messages, is not precluded. Therefore, the circuit court did not err by concluding that the marital communications privilege did not apply to the text messages.[4]

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Deborah A. Servitto
/s/ Anica Letica

---

[3] MCL 600.2162 was amended by 1994 PA 67 and 2000 PA 182.

[4] We agree with the circuit court's rejection of defendant's reliance on Maryland law in *Sewell v State*, 180 A3d 670 (2018), rev'd 205 A3d 966 (2019). The statutory language applied in *Sewell* provided that one spouse is not competent to disclose "any confidential communication between the spouses occurring during their marriage." MCL 600.2162 does not address competency to disclose, but rather contains the phrase "shall not be examined in a criminal prosecution as to any communication." Although defendant characterized the text messages as confidential communications, the text messages were never examined as such because the preliminary question of admissibility occurred before the actual content and nature of the messages were addressed. Thus, whether text messages between spouses constitute confidential marital communications is not at issue in this appeal. Although defendant correctly notes that neither *Fisher* nor other Michigan cases have addressed this question, we need not decide that issue today, because the privilege does not apply to the nontestimonial evidence at issue in this case.