*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ADRIAN LOUIS VILLANUEVA,

        Defendant-Appellant.

UNPUBLISHED
March 3, 2022

No. 356411
Saginaw Circuit Court
LC No. 19-046326-FC

Before: CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Defendant pleaded *nolo contendere* to second-degree murder, MCL 750.317, two counts of unlawful imprisonment, MCL 750.349b, two counts of felonious assault, MCL 750.82, and five counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant appeals by leave granted.[1] For the reasons that follow, we vacate the trial court order denying defendant's motion to withdraw his plea, and remand to the trial court to grant defendant's motion and for further proceedings.

## I. BACKGROUND

For purposes of this appeal, the facts are not in dispute. Defendant shot and killed his brother and held several other people hostage before surrendering to the police. Defendant has a history of mental illness. Defendant's trial counsel petitioned the trial court to order forensic examinations to determine both defendant's competency to stand trial and his criminal responsibility. The trial court granted the petition and ordered that both evaluations be performed. A licensed psychologist and forensic examiner performed these evaluations and submitted two reports in which she opined that defendant was competent to stand trial and that, although "mentally ill as defined by statute for the time in question," he did "not meet statutory criteria for a defense of legal insanity" because he "demonstrated the capacity to appreciate the nature of his

---

[1] *People v Villanueva*, unpublished order of the Court of Appeals, entered March 31, 2021 (Docket No. 356411).

actions, the wrongfulness of his behaviors, and to conform his behaviors to the requirements of the law." The parties agree that defendant's trial counsel did not seek an independent forensic evaluation and did not pursue an insanity defense.

At defendant's plea hearing, the trial court utilized an outdated Advice of Rights form. This form used language from a prior version of MCR 6.302, which is the court rule governing guilty pleas and pleas of *nolo contendere*. This prior version did not contain language that was added to the version in effect at the time of defendant's plea. Defendant and his trial counsel affirmed on the record that they discussed this form and defendant's applicable rights, and the trial court accepted defendant's plea as understanding, voluntary, and accurate.

Defendant was sentenced to 48 to 75 years' imprisonment for second-degree murder, 9½ to 15 years for each unlawful imprisonment conviction, 2½ to 4 years for each felonious assault conviction, and two years for each felony-firearm conviction. After defendant's sentencing, his appellate counsel moved to withdraw defendant's plea on the basis of two arguments. First, defendant argued that the trial court's use of the outdated Advice of Rights form constituted a defect in the plea-making process that required the trial court to allow him to withdraw his plea. Second, defendant contended that his trial counsel was ineffective for failing to pursue an insanity defense and for failing to obtain an independent evaluation on defendant's criminal responsibility. The trial court denied the motion, and defendant now appeals.

## II. STANDARDS OF REVIEW

This Court reviews "for an abuse of discretion a trial court's ruling on a motion to withdraw a plea." *People v Blanton*, 317 Mich App 107, 117; 894 NW2d 613 (2016). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). We review de novo the interpretation of court rules. *Id*. Additionally, the determination of whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). Findings of fact are reviewed for clear error while questions of constitutional law are reviewed de novo. *Id*. Because the trial court did not hold an evidentiary hearing, our review is limited to the facts apparent on the record. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000).

## III. ANALYSIS

We begin by discussing defendant's claim of ineffective assistance of counsel. Defendant argues that his trial counsel was ineffective for failing to pursue an insanity defense or an independent evaluation on criminal responsibility. We agree.

Defendant's burden for establishing a claim of ineffective assistance of counsel is well established:

> There is a presumption that counsel was effective, and a defendant must overcome the strong presumption that counsel's challenged actions were sound trial strategy. To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not performing as the "counsel"

guaranteed by the Sixth Amendment. Furthermore, whether defense counsel's performance was deficient is measured against an objective standard of reasonableness. Thus, to prevail, a defendant must show that counsel's representation fell below an objective standard of reasonableness, and he must show that he was prejudiced by counsel's performance, which can be shown by proving that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.] This Court will not substitute its judgment for that of counsel on matters of trial strategy, nor will this Court use the benefit of hindsight when assessing counsel's competence. The defendant bears the burden of demonstrating both deficient performance and prejudice; the defendant also necessarily bears the burden of establishing the factual predicate for his claim. [*People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015) (quotation marks, citations, and brackets omitted).]

"A criminal defendant is denied effective assistance of counsel by his attorney's failure to properly prepare a meritorious insanity defense." *People v Hunt*, 170 Mich App 1, 13; 427 NW2d 907 (1988).[2] This is precisely what occurred in this case. In 2019, defendant's trial counsel petitioned for a referral to the Forensic Center for defendant to be evaluated for competency to stand trial and criminal responsibility. Defendant reported to trial counsel that he was diagnosed with schizophrenia, PTSD, bipolar disorder, and paranoia. This was also indicated in police reports and statements by defendant's family. As explained above, the psychologist who evaluated defendant at the Forensic Center concluded that he was competent to stand trial, and although he was mentally ill, he was not legally insane.

MCL 768.20a(3) permits a defendant to obtain an independent psychiatric evaluation to determine whether he was insane at the time offense was committed. Under the circumstances of this case, trial counsel's failure to obtain an independent evaluation falls below an objective standard of reasonableness. *Cooper*, 309 Mich App at 80. The presentence investigation report establishes that defendant had a long history of mental illness. He attempted suicide as a young child several times, beginning when he was only six years old, and was treated at many mental health institutions throughout his youth. At the time he committed the crime, he was experiencing paranoia. He thought that his phone was hacked and the police were listening in. At his arraignment, when asked if he understood the charges, he repeatedly stated, "I killed Mario Gonzalez," the name of the victim's father.

Legal insanity at the time the offense was committed is an affirmative defense. MCL 768.21a(1). "An individual is legally insane if, as a result of mental illness . . . , that person lacks substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law." *Id*. "Mental illness or having an intellectual disability does not otherwise constitute a defense of legal insanity." *Id*.

---

[2] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority[.]" *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).

Insanity was the only viable defense available to defendant. Without an independent psychiatric evaluation, defendant pleaded no-contest to second-degree murder and essentially received a sentence of life imprisonment (48 to 75 years). The entry of his no-contest plea is particularly concerning because the record is not clear that defendant was cognizant of his own actions at the time of the crime. Because of the nature of a no-contest plea, it is unknown whether defendant was able to articulate facts in support of his plea, nor can his state of mind be evaluated.[3] Thus, the failure of trial counsel to obtain an independent psychiatric evaluation fell below an objective standard of reasonableness, and but for this error, there is a reasonable probability that the results of the proceedings would have been different. *Cooper*, 309 Mich App at 80. But for trial counsel's error, there is a reasonable probability that defendant may not have entered a no-contest plea. As there was no *Ginther*[4] hearing held, there is nothing in the record to explain trial counsel's action. But under the facts presented here, where insanity was the only possible defense, it should have been pursued. Where a defendant is denied effective assistance because of counsel's failure to prepare an insanity defense, "[t]he defendant is entitled to a new trial if this omission by counsel deprives him of a reasonably likely chance for acquittal." *Hunt*, 170 Mich App at 13. Therefore, the trial court abused its discretion by denying defendant's motion to withdraw his plea.

This leads us to defendant's other argument on appeal—that the use of the outdated Advice of Rights form constituted a defect in the plea-making process. There is no dispute that the Advice of Rights form used in this case failed to advise defendant that he "may be giving up the right to appeal issues that would otherwise be appealable if she or he were convicted at trial," which is included in MCR 6.302(B)(5). "Our Supreme Court has adopted a doctrine of substantial compliance [with MCR 6.302], and whether a particular departure from the requirements of MCR 6.302 justifies or requires reversal depends on the nature of the noncompliance." *People v Brinkey*, 327 Mich App 94, 98; 932 NW2d 232 (2019). The proper inquiry to be made, based on the record, is whether "the judge informed the defendant of the constitutional and other rights delineated in the rule in such manner as reasonably to warrant the conclusion that the defendant understood what a trial is and that by pleading guilty he was knowingly giving up his right to a trial and the rights and incidents of a trial." *People v Al-Shara*, 311 Mich App 560, 572; 876 NW2d 826 (2015) (quotation marks and citation omitted).

The problem here is that because of defendant's mental illness and the facts surrounding the crime and the entry of his plea, it is unclear whether defendant understood what was going on. We cannot reasonably conclude that defendant understood what was taking place when he entered the no-contest plea, or that he understood the rights he was giving up. *Id*. This lends further support for our conclusion that the trial court abused its discretion when it denied defendant's motion to withdraw his plea.

---

[3] The basis for defendant's no-contest plea was that he had no recollection of the crime. However, he did offer reasons, although delusional, for committing the crime at the time of the offense, as evidenced by the facts of the crime provided in the presentence investigation report.

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

## IV. CONCLUSION

The trial court order denying defendant's motion to withdraw his plea is vacated. We remand this matter to the trial court to allow defendant to withdraw his plea, and for further proceedings after an independent psychiatric evaluation takes place. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Michael J. Riordan