*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MAURICE RAYMOND PIMPLETON,

        Defendant-Appellant.

UNPUBLISHED
July 27, 2023

No. 360480
Kent Circuit Court
LC No. 85-037956-FH

Before: RIORDAN, P.J., and MARKEY and YATES, JJ.

PER CURIAM.

In July 2021, defendant, Maurice Raymond Pimpleton, filed an application to set aside three felony convictions under the setting aside convictions act, MCL 780.621 *et seq.* The circuit court set aside two convictions from 1990 that arose out of separate transactions, but the court denied defendant's request to set aside a 1986 conviction in light of his conduct between 1986 and July 2021, i.e., the conduct that gave rise to the two 1990 felony convictions and three misdemeanor convictions from 1991 and 1992.[1] Defendant appeals by leave granted the circuit court's ruling regarding the 1986 conviction.[2] We reverse and remand for further proceedings.

In 1986, defendant was convicted of attempted pandering, MCL 750.455 and MCL 750.92, and he was sentenced to $2^1/_2$ to 5 years' imprisonment. In 1990, defendant was convicted of unlawfully driving away a motor vehicle, MCL 750.413, and he was sentenced to $2^1/_2$ to 5 years' imprisonment. In 1990, defendant was additionally convicted of receiving and concealing stolen property valued over $100, MCL 750.535a, and he was sentenced to 2½ to 5 years' imprisonment. The sentences for the 1990 felony convictions ran concurrently. Defendant also had one misdemeanor conviction in 1991 and two misdemeanor convictions in 1992. There were no convictions thereafter.

---

[1] A different judge set aside the three misdemeanor convictions.

[2] *People v Pimpleton*, unpublished order of the Court of Appeals, entered August 31, 2022 (Docket No. 360480).

In July 2021, defendant applied to set aside the three felony convictions. The prosecutor did not oppose the application. In December 2021, the circuit court held a hearing on defendant's application. The court heard about defendant's exemplary employment and family history spanning the last three decades. The circuit court agreed to set aside the two 1990 convictions. But the court denied the application with respect to the 1986 conviction. The circuit court's decision to deny the application in regard to the 1986 conviction was based on the language in MCL 780.621d(13), which provides:

> If the court determines that the circumstances and behavior of an applicant under section 1(1) or (3), from the date of the applicant's conviction or convictions to the filing of the application warrant setting aside the conviction or convictions, and that setting aside the conviction or convictions is consistent with the public welfare, the court may enter an order setting aside the conviction or convictions.

The circuit court concluded that because defendant's 1990 felony convictions and the 1991 and 1992 misdemeanor convictions occurred during the period between defendant's 1986 conviction and the filing of the application in July 2021, the court was required to deny the application with respect to the 1986 conviction. The court's comments revealed a belief that the surrounding circumstances, the behavior of defendant, and the public welfare could not warrant, as a matter of law, setting aside the 1986 conviction because defendant was convicted of crimes during the interim—the time between the 1986 conviction and the 2021 application.[3] The circuit court construed MCL 780.621d(13) as not providing the court with any discretion to set aside the 1986 conviction given the 1990-1992 convictions. Defendant appeals by leave granted.

This Court reviews de novo a question of law, such as statutory interpretation. *People v Van Tubbergen*, 249 Mich App 354, 360; 642 NW2d 368 (2002). We review for an abuse of discretion a trial court's decision on an application to set aside a conviction. See *People v Van Heck*, 252 Mich App 207, 210 n 3; 651 NW2d 174 (2002). A trial court abuses its discretion when its "decision falls outside the range of reasonable and principled outcomes." *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018) (quotation marks and citation omitted). "A trial court also necessarily abuses its discretion when it makes an error of law." *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015). In *People v Pinkney*, 501 Mich 259, 268; 912 NW2d 535 (2018), our Supreme Court observed:

> When interpreting a statute, our goal is to give effect to the Legislature's intent, focusing first on the statute's plain language. In so doing, we examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme. When a statute's language is unambiguous, the statute must be enforced as written. No further judicial construction is required or permitted. [Quotation marks, citations, and ellipses omitted.]

---

[3] The court appeared to suggest that defendant could file a separate, subsequent application to set aside the 1986 conviction because at that point the other convictions would no longer create an impediment considering their expungement.

This case focuses on the construction of MCL 780.621d(13), which, as indicated earlier, provides:

> If the court determines that the circumstances and behavior of an applicant under section 1(1) or (3), from the date of the applicant's conviction or convictions to the filing of the application warrant setting aside the conviction or convictions, and that setting aside the conviction or convictions is consistent with the public welfare, the court may enter an order setting aside the conviction or convictions.

We hold that there is no language in MCL 780.621d(13) suggesting that a court must deny an application to set aside a criminal conviction merely because the applicant was convicted of a crime during the period between the date of the conviction sought to be set aside and the filing date of the application to set aside that conviction (the interim).[4] Under the plain and unambiguous language of MCL 780.621d(13), when deciding whether to set aside a conviction, a court must take into consideration "the circumstances and behavior of an applicant" since the conviction, as well as "the public welfare." Although engaging in criminal conduct during the interim may weigh against setting aside a conviction under MCL 780.621d(13), it does not create an absolute bar. Consideration of the nature of the interim criminal conviction(s), the span of time between the interim conviction(s) and the date of filing an application, or other pertinent matters could reasonably lead a court to rule that setting aside a conviction is proper despite the interim conviction(s). The circuit court erred in its construction of MCL 780.621d(13).

We do reject defendant's argument that when an applicant seeks to set aside multiple convictions, MCL 780.621d(13) requires a court to bundle them and solely review the circumstances and the applicant's behavior commencing from the date of the most recent conviction. There simply is no support for defendant's interpretation under the plain and unambiguous language of MCL 780.621d(13), which requires an examination and contemplation of conduct "from the date of the applicant's conviction or convictions to the filing of the application . . . ." Thus, when there are multiple convictions, the court must look at the "date" of each conviction. MCL 780.621d(13) does not direct a court to use as a starting point the date of the "most recent" conviction in multi-conviction circumstances.

In its order granting defendant's application for leave, this Court stated that "[i]n addition to the issues raised in the application and supporting brief, the parties shall also address whether the expungement of the 1986 conviction is barred by MCL 780.621d(4)(c)." *Pimpleton*, unpub order. Under MCL 780.621d(4)(c), a court is not permitted to enter an order setting aside a conviction unless, in part, "[t]he applicant has not been convicted of any criminal offense *during the applicable time period required under* subsection (1), (2), or (3)." (Emphasis added.) Subsections (2) and (3) of MCL 780.621d are not pertinent to the circumstances presented in this case, and subsection (1) provides:

---

[4] Our ruling is limited by and subject to MCL 780.621d(4)(c), which we discuss below.

(1) An application under section 1 to set aside more than 1 felony conviction shall only be filed 7 or more years after whichever of the following events occurs last:

(a) Imposition of the sentence for the convictions that the applicant seeks to set aside.

(b) Completion of any term of felony probation imposed for the convictions that the applicant seeks to set aside.

(c) Discharge from parole imposed for the convictions that the applicant seeks to set aside.

(d) Completion of any term of imprisonment imposed for the convictions that the applicant seeks to set aside.

Accordingly, where multiple felony convictions are the subject of an application to set them aside, MCL 780.621d(1) governs and must be analyzed to determine a single date from which to measure the seven-year-minimum requirement. Here, given the five-year maximum sentences relative to the 1990 felony convictions, the seven-year countdown started in 1995. The question then becomes—for purposes of MCL 780.621d(4)(c)—whether defendant had a conviction "during the applicable time period required under" MCL 780.621d(1). This "time period" would encompass, minimally, 1995 to 2002 (seven years), and defendant had no convictions during that timeframe. And to the extent that the applicable "time period" ran from 1995 to July 2021 when the application to set aside the convictions was actually filed, defendant also had no convictions during that entire timeframe. Therefore, in answering the question posed by the panel that granted leave, we hold that expungement of the 1986 conviction is not barred by MCL 780.621d(4)(c).

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Christopher P. Yates

-4-