*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 5, 2024

Plaintiff-Appellee,

v

No. 364876
Wayne Circuit Court
LC No. 19-004741-01-FC

ANDRE DION DAWSON,

Defendant-Appellant.

Before: MURRAY, P.J., and BORRELLO and MARIANI, JJ.

PER CURIAM.

Defendant pleaded guilty to unlawful imprisonment, MCL 750.349b, assault by strangulation, MCL 750.84(1)(b), and assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84(1)(a). The trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to 25 to 40 years' imprisonment for each conviction. Defendant thereafter moved to withdraw his guilty plea, and the trial court denied defendant's motion. Defendant filed an application for leave to appeal the trial court's order denying his motion, which this Court denied for lack of merit in the grounds presented.[1] Defendant subsequently filed an application for leave to appeal to the Michigan Supreme Court, and the Supreme Court remanded the case to this Court for consideration as on leave granted.[2] For the reasons set forth in this opinion, we affirm the trial court's order denying defendant's motion to withdraw his guilty plea, but remand for entry of an order directing that the references to defendant being arrested for criminal sexual conduct in entry No. 8 on p. 6 of the presentence investigation report (PSIR) be redacted consistent with the plea agreement.

This case arises out of an assault upon the victim on December 2, 2018. The victim alleged that defendant barricaded her in her garage and physically and sexually assaulted her, including

---

[1] *People v Dawson*, unpublished order of the Court of Appeals, entered March 20, 2023 (Docket No. 364876).

[2] *People v Dawson*, 513 Mich 948 (2023).

punching her in the face and head, choking her with his hands around her neck, forcibly removing her clothing, forcibly performing oral sex on her, and forcibly penetrating her vagina with his penis. Police arrived while the assault was ongoing and arrested defendant. Defendant was thereafter charged, as a fourth-offense habitual offender, with two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, assault with intent to commit criminal sexual conduct (AWICSC), MCL 750.520g, kidnapping, MCL 750.349, unlawful imprisonment, torture, MCL 750.85, assault with intent to murder, MCL 750.83, and assault by strangulation. Following a preliminary examination, defendant was bound over to the circuit court as charged.

The matter proceeded to jury trial. On the third day of trial, while jury selection was underway, a plea hearing was held. Pursuant to a plea agreement, defendant pleaded guilty to unlawful imprisonment, assault by strangulation, and an added count of AWIGBH; the prosecution dismissed the balance of the charges. As a condition of the plea agreement, the parties agreed that the PSIR would not contain any references to criminal sexual conduct, excluding any references contained in the victim impact statement section of the PSIR. To the extent that the PSIR inadvertently contained such a reference, the parties agreed that the reference would be redacted or stricken.

At defendant's sentencing, the parties and the trial court reviewed the PSIR prepared in anticipation of sentencing. Pursuant to the plea agreement, defendant requested that the trial court strike from the PSIR references to defendant's initial charges at the time of his arrest, including two counts of CSC-I and one count of AWICSC. The prosecution did not object to the request to strike these references from the agent's description of the offense, and the trial court granted the request. With respect to the criminal history information, the prosecution argued it was taken from the Law Enforcement Information Network (LEIN) and the trial court lacked the authority to alter that information. The trial court agreed that it did not have the authority to alter the information taken from LEIN and denied the request to strike the references contained in the criminal history section of the PSIR. The trial court thereafter sentenced defendant to 25 to 40 years' imprisonment for each conviction.

Defendant subsequently moved to withdraw his plea pursuant to MCR 6.310(C), arguing that the prosecution failed to fulfill the agreement that any references to criminal sexual conduct aside from those in the victim impact statement section would be redacted from the PSIR. Because the agreement was not fulfilled, defendant argued that he was misinformed of the terms of the agreement and his plea was not voluntarily or understandingly made. Defendant also argued that he did not receive the benefit for which he bargained in accepting the plea agreement, and that the prosecution's breach of the plea agreement constituted a violation of defendant's due-process rights. The trial court issued an order denying defendant's motion to withdraw his plea on the basis that defendant failed to establish that his plea was induced by an unfulfillable promise by the prosecution or that withdrawal of defendant's plea was mandated by an error in the plea-taking process. Defendant now appeals.

Defendant argues that his plea was not understanding and voluntary because he was misinformed about the terms of the plea agreement; accordingly, defendant argues that the trial court abused its discretion by denying his motion to withdraw his plea.

This Court reviews for an abuse of discretion a trial court's denial of a motion to withdraw a plea. *People v Guyton*, 511 Mich 291, 301; 999 NW2d 393 (2023). "An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes. A trial court also necessarily abuses its discretion when it makes an error of law." *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015) (citations omitted). This Court reviews de novo questions of constitutional law and the interpretation of court rules. *Id*. at 566-567. This Court reviews for clear error a trial court's findings of fact. *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018).

Under MCR 6.310(A), a defendant has an absolute right to withdraw a guilty plea until the trial court accepts the plea on the record. *People v Warren*, 505 Mich 196, 203; 949 NW2d 125 (2020). Once a trial court has accepted a guilty plea, the defendant no longer possesses an absolute right to withdraw the plea. *Guyton*, 511 Mich at 301. When, as here, a defendant moves to withdraw a plea after sentencing, "both our common law and MCR 6.310 give a trial court discretion to grant or deny" the motion. *Guyton*, 511 Mich at 301. Under MCR 6.310(C)(3), a defendant seeking to withdraw a plea after sentencing must establish " 'an error in the plea proceeding that would entitle the defendant to have the plea set aside[.]' " *Guyton*, 511 Mich at 301, quoting MCR 6.310(C)(3) (alteration in original). "In other words, '[a] defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process.' " *Warren*, 505 Mich at 203, quoting *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012) (alteration in original).

"[A] guilty plea constitutes a waiver of several constitutional rights, including the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers." *People v Cole*, 491 Mich 325, 332; 817 NW2d 497 (2012). The Due Process Clause of the Fourteenth Amendment requires that a plea be voluntary and knowing to constitute an effective waiver of these rights. *Id*. at 332-333. Guilty pleas are governed by MCR 6.302, which incorporates these constitutional requirements by precluding a trial court from accepting a guilty plea unless the trial court is convinced that the plea is understanding, voluntary, and accurate. *Guyton*, 511 Mich at 301-302; see also MCR 6.302(A). The process a trial court must follow when accepting a guilty plea is set forth in MCR 6.302(B) to (D). *Guyton*, 511 Mich at 299. Strict compliance with MCR 6.302 is not required. Rather, courts must "substantially comply with the requirements of MCR 6.302, such that whether a particular departure from [MCR 6.302] justifies or requires reversal or remand for additional proceedings will depend on the nature of the noncompliance." *Guyton*, 511 Mich at 299 (quotation marks and citation omitted; alteration in original). Further, "[a]utomatic invalidation of a plea due to a violation of MCR 6.302 is only required if the defendant establishes that the waiver was neither understandingly nor voluntarily made, not merely that the trial court failed to strictly comply with MCR 6.302(B)." *People v Brinkey*, 327 Mich App 94, 98; 932 NW2d 232 (2019) (quotation marks and citation omitted).

MCR 6.302(B), which pertains to an understanding plea, requires that a trial court determine whether a defendant understands "the name of the offense and the maximum possible prison sentence, the trial rights being waived, and loss of the right to appeal." *People v Spears*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 357848); slip op at 6 (quotation marks and citation omitted). MCR 6.302(C) pertains to a voluntary plea and requires that trial courts "make inquiries regarding the existence and details of any plea agreements and whether the defendant was promised anything beyond what was in the agreement, if any, or otherwise."

*Spears*, ___ Mich App at ___; slip op at 6 (quotation marks and citation omitted). In other words, the voluntariness requirement "means that a defendant must be made fully aware of the direct consequences of his or her plea." *People v White*, 337 Mich App 558, 569; 977 NW2d 138 (2021). Further, "because the understanding, voluntary, and accurate components of MCR 6.302(A) are premised on the requirements of constitutional due process, a trial court may, in certain circumstances, be required to inform a defendant about facts not explicitly required by MCR 6.302." *Guyton*, 511 Mich at 300 (quotation marks and citation omitted). A plea may not be voluntary and understanding when "a defendant is misinformed of the benefits of the plea." *Guyton*, 511 Mich at 300-301. Moreover,

> [w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with *sufficient awareness of the relevant circumstances* and likely consequences. Being advised of the likely consequences of a plea is only one part of the constitutional requirement. Generally, a defendant must have sufficient awareness of the relevant circumstances. When a defendant has been misinformed by prosecutors about the benefit of the bargain they have struck, the defendant does not have sufficient awareness of the relevant circumstances. [*Id*. at 303 (quotation marks and citation omitted; alteration in original).]

We agree with the trial court that defendant's motion to withdraw his plea should have been denied, albeit for different reasons. Defendant's plea was premised, in part, on an agreement with the prosecution that the PSIR would not contain any references to the criminal sexual conduct charges with which defendant was initially charged, save for anything in the victim impact statement. The parties and the trial court agreed that any inadvertent references to criminal sexual conduct charges in the PSIR would be redacted or stricken. Consistent with the plea agreement, the trial court at sentencing agreed to strike from the PSIR a paragraph indicating that defendant was charged at the time of his arrest with two counts of CSC-I and one count of AWICSC. But the trial court denied defendant's request to redact the same information from the criminal history section of the PSIR on the basis that the information came from LEIN and the trial court did not have the authority or ability to "scrub or purge from LEIN" the initial charges at the time of defendant's arrest.

In denying defendant's motion to withdraw his plea, the trial court acknowledged that defendant "asked prior to [the trial court] accepting the plea that any mention of rape or CSC be stricken from the PSIR, which this Court and prosecution agreed to do." However, the trial court found that "it could not strike the charges from the LEIN printout in the Criminal History section of the PSIR[,] nor was this ever agreed to." The trial court clearly erred by finding that the parties did not agree to strike references to criminal sexual conduct from the criminal history section of the PSIR. Defendant pleaded guilty pursuant to an explicit agreement that any references to criminal sexual conduct contained in the PSIR, excluding those contained in the victim impact statement, would be redacted or stricken. Implicit in this agreement is that any references to criminal sexual conduct contained in any section of the PSIR, excluding the victim impact statement, would be redacted or stricken. Accordingly, the trial court's finding that the parties did not agree to strike references to defendant's arrest for criminal sexual conduct from the criminal history section of the PSIR was clearly erroneous because the plea agreement explicitly provided that all references to criminal sexual conduct would be redacted from the PSIR, except those contained in the victim impact statement.

But the parties and the trial court were mistaken in the belief that the relevant arrest information contained in the PSIR could not be redacted. Specifically, under the "Criminal Justice" section of the PSIR, entry No. 8 of 8 entries specifies the charges that defendant was arrested on in this matter, including "2 Cts. Criminal Sexual Conduct-1st Degree; Criminal Sexual Conduct-Assault with Intent to Commit Sexual Penetration," as well as the non-CSC charges to which defendant ultimately pleaded. Because the plea agreement was that all reference to defendant being arrested for or committing CSC would, except for any such reference in the victim impact statement portion of the PSIR, be redacted, that portion of entry No. 8 should have been as well. And, though neither party has cited to any authority that precludes the court from redacting this information, the governing statute seems to permit the redaction. Specifically, MCL 771.14(6) provides that once a trial court finds portions of a PSIR to be irrelevant, the PSIR is to be amended to remove the information found irrelevant by the court.

Here, because the parties agreed that any references to defendant being arrested for or otherwise charged with CSC were to be redacted, any such information would be irrelevant if contained within the report. Consequently, on remand, the court shall enter an order that the information quoted above from entry No. 8 be redacted.[3] At that point, defendant's plea will not have been illusory as he will have received the full extent of the agreement.

Affirmed, but remanded for entry of an order consistent with this opinion.

/s/ Christopher M. Murray
/s/ Stephen L. Borrello
/s/ Philip P. Mariani

---

[3] By redacting this information from the PSIR, the court is in no way impacting what is contained in LEIN, as the redaction is only to language contained in the PSIR.