*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT LEE SHANNON,

Defendant-Appellant.

UNPUBLISHED
May 20, 2021

No. 350451
Wayne Circuit Court
LC No. 18-008397-01-FH

Before: K.F. KELLY, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his guilty plea convictions of larceny from a person, MCL 750.357, and domestic violence (third offense), MCL 750.81(5). We affirm.

The victim and defendant had been in a dating relationship since March of 2018 and were in the process of breaking up when, on July 30, 2018, the victim went to her grandmother's apartment. When she arrived, defendant approached the victim in the parking lot of the apartment complex. Defendant, who was apparently angry at her for telling her family members about a previous instance in which defendant had assaulted her, grabbed her and punched her in the face four times. Defendant then took the victim's cell phone and car keys from her. The victim began screaming for help and defendant drove away. The victim's grandmother called the police and, after speaking to the victim several hours later, they eventually arrested defendant. The victim did not get her phone back and had to have her car re-keyed so she could drive it.

The matter proceeded to a bench trial. However, after the victim testified as the first witness at trial, defense counsel advised the trial court that his client would be pleading guilty. The court engaged in a plea colloquy with defendant and defendant, a fourth habitual offender (MCL 769.12) thereafter tendered his guilty plea as part of a sentencing agreement, consistent with

---

[1] *People v Shannon*, unpublished order of the Court of Appeals, entered September 24, 2020 (Docket No. 350451).

the court's *Cobbs*[2] evaluation, of 12 months in the Wayne County Jail with no early release. On March 4, 2019, the trial court sentenced defendant to 12 months in jail, to be served concurrently with any other sentences, with no possibility of early release and with credit for 160 days already served, consistent with the plea agreement and *Cobbs* evaluation. Defendant now appeals by delayed leave granted, arguing that there were defects in the plea taking process such that he should thus be allowed to withdraw his guilty plea.

To preserve a challenge to the validity of a guilty plea, a defendant must move to withdraw the plea in the trial court. MCR 6.310(D); *People v Armisted*, 295 Mich App 32, 45-46; 811 NW2d 47 (2011). In *People v Baham*, 321 Mich App 228, 235; 909 NW2d 836 (2017), this Court stated that a defendant's challenge to the factual basis for his plea implicates the accuracy of his plea, and his claim therefore falls squarely within the ambit of MCR 6.310(D). Because a motion to withdraw a plea constitutes a prerequisite for challenging the accuracy of a plea and defendant has not filed such a motion, our direct substantive review of this appellate argument is precluded under MCR 6.310(D). *Armisted*, 295 Mich App at 48. Even if our review was not barred, after thorough review of the record, we would conclude that the trial court did nor err in accepting defendant's plea.

Generally, this Court reviews de novo questions of constitutional law and the interpretation of court rules. *People v Al-Shara*, 311 Mich App 560, 566-567; 876 NW2d 826 (2015). However, unpreserved claims of constitutional error are reviewed for plain error. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). A defendant can avoid forfeiture of an unpreserved issue if there was an error, that error was plain, and the error affected substantial rights, meaning it affected the outcome of the proceeding. *Id*. at 763. If the defendant satisfies these three requirements, it is then within the discretion of the appellate court to decide whether to reverse his convictions. *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*., quoting *United States v Olano*, 507 US 725, 736-737; 113 S Ct 1770; 123 L Ed 2d 508 (1993) (quotation marks omitted) (alteration in original).

The only issue for our resolution is whether defendant should be permitted to withdraw his plea. "A defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process." *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012). Such a defect occurs when a plea is not voluntarily and understandingly made. "For a plea to be voluntary and understanding, a defendant must be aware of the rights he or she waives by entering the plea as well as the direct consequences of the plea." *Al-Shara*, 311 Mich App at 568. "[A] plea that is not voluntary and understanding violates the state and federal Due Process Clauses." *People v Brinkey*, 327 Mich App 94, 99; 932 NW2d 232 (2019).

"Guilty- and no-contest-plea proceedings are governed by MCR 6.302." *Id*. at 98 (quotation marks and citation omitted). MCR 6.302(A) provides that "[t]he court may not accept

---

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate." The court rule also states:

> (B) An Understanding Plea. Speaking directly to the defendant or defendants, the court must advise the defendant or defendants of the following and determine that each defendant understands:
>
> (1) the name of the offense to which the defendant is pleading; the court is not obliged to explain the elements of the offense, or possible defenses;
>
> (2) the maximum possible prison sentence for the offense and any mandatory minimum sentence required by law . . .;
>
> * * *
>
> (E) Additional Inquiries. On completing the colloquy with the defendant, the court must ask the prosecutor and the defendant's lawyer whether either is aware of any promises, threats, or inducements other than those already disclosed on the record, and whether the court has complied with subrules (B)-(D). If it appears to the court that it has failed to comply with subrules (B)-(D), the court may not accept the defendant's plea until the deficiency is corrected. [MCR 6.302(B) and (E).]

"Our Supreme Court has adopted a doctrine of substantial compliance, and whether a particular departure from the requirements of MCR 6.302 justifies or requires reversal depends on the nature of the noncompliance." *Brinkey*, 327 Mich App at 98. "Under this doctrine, literal or 'talismanic' compliance with the court rules is not required." *Al-Shara*, 311 Mich App at 572. In sum, while strict compliance with the court rules is not required, "a defendant's plea must always be understanding, knowing, voluntary, and accurate." *Brinkey*, 327 Mich App at 100.

Defendant raises three defects in his plea-taking process. First defendant asserts that the trial court did not comply with MCR 6.301(B)(1)'s requirement of naming the offense defendant was pleading guilty to because it did not state that defendant was pleading guilty as a fourth-offense habitual offender. That is incorrect. The trial court advised defendant that he was pleading guilty to larceny from the person and domestic violence (third offense), and that, as a "habitual offender," that carries a maximum sentence of life imprisonment. The claimed defect is essentially that the court left out the word "fourth" in advising defendant that he was pleading guilty as a fourth-offense habitual offender.

It is noteworthy that "[t]he habitual-offender statutes, MCL 769.10 *et seq.*, provide enhancement of a defendant's sentence on the basis of prior felony convictions," but they do not create a substantive offense of their own. *Brown*, 492 Mich at 689. Thus, defendant's argument that he pleaded guilty to a "charge" not listed by the court lacks merit. And the trial court complied with its obligation to advise a defendant of the maximum penalty he could receive if convicted (MCR 6.302(B)(2); *Brown*, 492 Mich at 689), twice asking defendant if he understood his maximum sentence could be life imprisonment. Both times defendant said he understood. Finally, the settlement offer, notice of rights, and notice of acceptance form signed by defendant on the day the plea was accepted includes "Habitual Offender – Fourth Notice" on it and the trial court

referenced the form on the record. A court is permitted to rely on a notice of rights form in its advice of rights to a pleading defendant if it references the form on the record, *Al-Shara*, 311 Mich App at 576 n 9. While the court may have been more specific by using the word "fourth" when explaining to defendant his maximum possible sentence, the trial court substantially complied with MCR 6.302(B)(1) and the record does not reflect that defendant's substantial rights were violated, i.e., that the error affected the outcome of the proceeding.

Next, defendant argues that the court failed to follow MCR 6.302(E), which requires the court to ask both counsels whether the court has complied with MCR 6.302(B) through (D) and if they are "aware of any promises, threats, or inducements" not yet disclosed on the record. The trial court did not explicitly ask those questions in the plea proceeding. It simply asked, "Are the People and defense satisfied with the factual basis and advice of rights?" And both counsels said they were satisfied. Defendant asserts that the court's failure to ask whether either counsel was aware of any promises, threats, or inducements for defendant to accept the plea that have not yet been disclosed on the record violated MCR 6.302(E) and therefore constituted a defect in the plea-taking process.

Notably, defendant does not claim that there were any promises, threats, or inducements that led him to involuntarily take the plea agreement, nor does he claim the prosecutor or defense counsel knew of any. In fact, defendant testified under oath at the plea hearing that there were not any promises, threats, or inducements made to him. This Court has held that it would be against public policy to allow a defendant who pleaded guilty to then testify as to being improperly coerced into taking the plea deal because it would allow a defendant to potentially benefit from perjury at either the plea hearing or the subsequent hearing. *People v White*, 307 Mich App 425, 430; 862 NW2d 1 (2014). Given the above, and taking all other facts into consideration, defendant has not shown how the defect in the proceedings on this point prejudiced him or otherwise violated his substantial rights.

Lastly, defendant claims there was a defect in the plea process because the trial court failed to properly advise defendant on the issue of concurrent sentencing. When defendant asked during the plea colloquy whether his sentence in this case would run concurrently to other sentences, the following exchange took place:

> *The Court*: It would be concurrent if you're serving time for anything right now, but it would be – And you're gonna get credit for any time you've served on this case.
>
> [*The Defendant*]: I understand.
>
> *The Court*: But going forward from there, you would have to spend 12 months in the Wayne County Jail.

The court's response to defendant could appear unclear. On one hand, the court said the jail term in this case "would be concurrent." On the other hand, the court said "[b]ut going forward from there, you would have to spend 12 months in the Wayne County Jail" adding, "[f]or [] the amount that you serve on this case. Do you understand that?" These remarks sound as if the trial court may be referring to consecutive sentencing. However, the court clearly stated at defendant's

March 4, 2019 sentencing hearing that it would adopt the *Cobbs* evaluation, that there would be no early release, and defendant would serve "12 months Wayne County Jail [to] be concurrent with any other time serving, except the 160 days he spent on this case. We'll give him credit for that specifically on this case."

While defendant contends that the exchange regarding concurrent sentencing made during his plea hearing should entitle him to withdraw his plea, he does not explain how he was prejudiced by any alleged inaccuracy. Defendant was on bond for another felony when he committed the felony in this case, and the trial court could have sentenced defendant to consecutive terms under MCL 768.7b. Thus, while defendant may have not been accurately advised about the possibility of *consecutive* sentencing, he received the benefit of *concurrent* sentencing. At most, any inaccuracy in the explanation of concurrent sentencing led defendant to believe he was agreeing to be sentenced to a longer term than he actually was. Thus, defendant has not shown plain error affecting his substantial rights in any of the claimed defects to his plea-taking process and he is not entitled to withdraw his plea.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto
/s/ Anica Letica