*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PHILIP MICHAEL ROLL,

        Defendant-Appellant.

UNPUBLISHED
May 18, 2023

No. 362377
Sanilac Circuit Court
LC No. 21-008239-FH

Before: PATEL, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his motion to withdraw his guilty plea and his request for a *Ginther*[2] hearing. Defendant was convicted by guilty plea of delivery of methamphetamine, MCL 333.7401(2)(b)(*i*); felon in possession of a firearm (felon-in-possession), MCL 750.224f; felon in possession of ammunition, MCL 750.224f(6); fourth-degree fleeing and eluding a police officer, MCL 257.602a(2); and operating a motor vehicle with a forged, altered, or false identification, MCL 257.324(1)(h) (furnishing false identifying information to a peace officer). He was sentenced to 7 to 20 years' imprisonment for delivery of methamphetamine, 14 months' to 5 years' imprisonment for felon-in-possession and felon in possession of ammunition, one year in jail for fourth-degree fleeing and eluding, and 90 days in jail for furnishing false identifying information to a police officer. Defendant later moved to withdraw his plea, contending that his guilty plea was involuntary because his trial counsel allegedly promised him that his maximum sentence would not exceed 34 months' imprisonment if he pleaded guilty. Finding no error warranting reversal, we affirm.

---

[1] *People v Roll*, unpublished order of the Court of Appeals, entered September 29, 2022 (Docket No. 362377).

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

## I. BACKGROUND

Defendant was charged with multiple offenses following a traffic stop. Defendant and the prosecutor reached a plea agreement. In exchange for defendant pleading guilty to delivery of methamphetamine, felon-in-possession, felon in possession of ammunition, fourth-degree fleeing and eluding a police officer, and furnishing false identifying information to a peace officer, the remaining charges[3] would be dismissed. And, for the purposes of sentencing, the prosecutor agreed that the cumulative total of the OVs would not be greater than 34 points.

At the plea hearing, the trial court read the terms of the plea agreement, all parties indicated that they agreed to the terms, and defendant stated that he wished to accept those terms. Defendant was placed under oath and examined by the court. Defendant acknowledged that he had sufficient time to discuss the charges, the plea agreement, and the sentencing agreement with his attorney prior to the hearing. He verified that he understood the nature of the offenses that he was pleading guilty to. He further expressed his understanding that there would not be a trial and he "would give up the rights that [he] would have at trial" if his plea was accepted. After the trial court read the maximum possible penalty for offense, defendant confirmed that he understood the maximum penalty the court could impose for each offense. Defendant also acknowledged that he signed the advice of rights form after reviewing it with his attorney, affirmed he understood all of his rights, and verified he was "willing to waive and give up those rights to plead guilty." Defendant denied that he was threatened, coerced, promised, or induced with anything beyond what was disclosed on the record. A factual basis for the plea was also established. The trial court accepted defendant's guilty plea, finding it "to be understanding, voluntary, and accurate."

The presentence investigation report (PSIR) scored defendant's total OVs at 25 points, calculated a minimum sentencing guidelines range of 57 to 95 months' imprisonment, and recommended 66 months' imprisonment. At the sentencing hearing, defense counsel argued for a downward departure sentence of 36 months to 20 years' imprisonment. The trial court asked defendant if there was anything that he would like to say before it imposed his sentence, and defendant stated, "No." The trial court sentenced defendant as described above. The trial court asked defendant if he had any questions regarding his sentence, and defendant once again stated, "No."

After sentencing, and with new representation, defendant moved to withdraw his guilty plea under MCR 6.310(C) and requested a *Ginther* hearing. Defendant swore in an affidavit: "My trial attorney was ineffective by promising that if I pled guilty that I would not be sentenced [sic] no more than 34 months. I thought during the plea taking that capping my offense variable at 34 months meant I would be sentenced no more than 34 months." The trial court denied defendant's motion. This appeal followed.

---

[3] The five charges that were dismissed were one count of second-offense delivery of methamphetamine, MCL 333.7401(2)(b)(*i*); MCL 333.7214(c)(*ii*); MCL 333.7413(1), possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, possession of a loaded firearm in a vehicle, MCL 750.227c, operating a motor vehicle with a revoked license, MCL 257.904(1), and third-offense habitual offender, MCL 769.11.

## II. ANALYSIS

Defendant argues that the trial court abused its discretion by denying his motion to withdraw his guilty and his request for a *Ginther* hearing. We disagree.

### A. STANDARDS OF REVIEW

We review a trial court's decision on a motion to withdraw a plea for an abuse of discretion. *People v Brinkey*, 327 Mich App 94, 97; 932 NW2d 232 (2019). We also review a trial court's decision whether to grant an evidentiary hearing, such as a *Ginther* hearing, for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id*. at 217. This case involves the application of MCR 6.302, which governs guilty plea proceedings. "The proper interpretation and application of a court rule is a question of law that is reviewed de novo." *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012). Claims of ineffective assistance of counsel present mixed questions of fact and constitutional law. *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). We review factual findings, if any, for clear error, while the constitutional issue is reviewed de novo. *Id*. "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Id*. When, as in this case, an evidentiary hearing has not been held, our review is limited to mistakes apparent from the record. *People v Thorne*, 322 Mich App 340, 347; 912 NW2d 560 (2017).

### B. VOLUNTARINESS OF PLEA

A guilty plea must be made knowingly, voluntarily, and understandingly. MCR 6.302(A); *People v Brown*, 492 Mich 684, 688-689; 822 NW2d 208 (2012). The court must ensure that the defendant understands "the maximum possible prison sentence for the offense and any mandatory minimum sentence required by law." MCR 6.302(B)(2). Additionally, a voluntary plea is one in which the defendant is "fully aware of the direct consequences of the plea," and "[t]he most obvious direct consequence of a conviction is the penalty to be imposed." *Cole*, 491 Mich at 333-334 (cleaned up). The voluntariness inquiry also requires that the court "confirm the terms of the [plea] agreement with . . . the defendant." MCR 6.302(C)(2). There is no absolute right for a defendant to withdraw a guilty plea after the trial court accepts it. *People v Al-Shara*, 311 Mich App 560, 567; 876 NW2d 826 (2015). "MCR 6.310(C) permits a defendant to withdraw a guilty plea after sentencing only if the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside." *People v Sanford*, 495 Mich 989, 989; 844 NW2d 725 (2014).

We find that the trial court complied with the requirements of MCR 6.302. Based on defendant's testimony at the plea hearing, it is clear that the plea was entered knowingly, voluntarily, and understandingly. He was "informed of the consequences of his . . . plea and, necessarily, the resultant sentence." *Brown*, 492 Mich at 693. We acknowledge that defendant stated in a post-sentencing affidavit that he believed limiting the OV "at 34 months" meant that he would serve no more than 34 months in prison. Defendant contends that the trial court stated, "there is a sentencing agreement that the offense variables is no greater than 34 months." This is an inaccurate recitation of the record. At the plea hearing, the trial court noted that "there [was] a

-3-

sentencing agreement that the offense variable is no greater than 34," and asked the parties to clarify:

> [*The Court*]: So my understanding is that the cumulative total of the offense variables is not to be greater than 34, is that correct . . . ?
>
> [*The Prosecution*]: Correct.
>
> [*The Court*]: Is that your understanding, [defense counsel]?
>
> [*Defense Counsel*]: Yes, your Honor. Correct, yes.

The trial court clearly did not use the word "months." Defendant's affidavit is not supported by the record, directly contradicts his sworn testimony during the plea hearing, and is insufficient to overcome his statements under oath at the plea proceeding. See *People v Samuels*, 339 Mich App 664, 672; 984 NW2d 854 (2021) ("A trial court may deny a motion to withdraw a guilty plea without holding an evidentiary hearing if the defendant's offer of proof as to the involuntariness of his plea contradicts his own testimony at the plea hearing."). Because there were no errors at the plea hearing, defendant was not entitled to withdraw his guilty plea pursuant to MCR 6.310(C). *Brown*, 492 Mich at 692. Accordingly, the trial court did not abuse its discretion by denying defendant's motion.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

"To prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability exists that the outcome of the proceeding would have been different but for trial counsel's errors." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018) (cleaned up). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). "When ineffective assistance of counsel is claimed in the context of a plea, the pertinent inquiry is whether the defendant tendered the plea voluntarily and understandingly." *People v Armisted*, 295 Mich App 32, 48; 811 NW2d 47 (2011) (cleaned up). In this guilty plea matter, defendant may satisfy the prejudice prong by establishing a reasonable probability that he would have rejected the plea offer and continued with the trial had he known important facts that counsel ineffectively failed to share *Lee v United States*, ___ US ___, ___; 137 S Ct 1958, 1967; 198 L Ed 2d 476 (2017). This Court presumes counsel was effective, and a defendant carries a heavy burden to overcome this presumption. *Head*, 323 Mich App at 539.

In this case, our review is limited to errors apparent from the record, see *Thorne*, 322 Mich App at 347, and there is no evidence to rebut the strong presumption that defense counsel's performance was adequate and competent throughout the plea and sentencing process. The trial court provided defendant with two additional weeks between his pretrial hearing and his final pretrial conference so that he could have time to consider the plea agreement and discuss the terms with defense counsel prior to accepting the agreement. At the plea hearing, defendant acknowledged under oath that he had sufficient time to discuss the charges, the plea agreement, and the sentencing agreement with his attorney prior to the hearing. He testified that he fully

understood the plea and sentencing agreement, and that no one had promised him anything other than the agreement placed on the record. Before sentencing, defense counsel spent nearly two hours reviewing 50 pages of materials with defendant, including the plea agreement and PSIR. At the sentencing hearing, defendant once again acknowledged under oath that defense counsel spent a sufficient amount of time reviewing the documents with him. Defense counsel advocated for a minimum sentence of 36 months, not 34 months, which was a downward departure from the 66-month minimum sentence recommended in the PSIR. But when the trial court gave defendant an opportunity to speak before it imposed his sentence, defendant declined. And when the trial court asked defendant if he had any questions regarding his sentence, defendant once again stated, "No."

Defendant has failed to provide any concrete evidence that rebuts the strong presumption that defense counsel's performance throughout the plea and sentencing process was adequate and competent. See *Head*, 323 Mich App at 539. And defendant has not offered any evidence to demonstrate that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee*, 137 S Ct at 1965. Finally, because there is no factual record that requires development in order to consider whether defense counsel was ineffective, the trial court did not abuse its discretion when it denied defendant's request for a *Ginther* hearing. *Ginther*, 390 Mich at 443; see also *People v Williams*, 275 Mich App 194, 200; 737 NW2d 797 (2007) (holding that a *Ginther* hearing is not warranted where the "defendant has not set forth any additional facts that would require development of a record to determine if defense counsel was ineffective[.]").

Affirmed.

/s/ Sima G. Patel
/s/ Mark J. Cavanagh
/s/ James Robert Redford

-5-