*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JAMAL MALCOLM WILLIAMS,

      Defendant-Appellant.

UNPUBLISHED
November 22, 2024
10:08 AM

No. 366339
Wayne Circuit Court
LC No. 22-001349-01-FC

Before: FEENEY, P.J., and O'BRIEN and WALLACE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his plea-based conviction of second-degree murder, MCL 750.317.[2] He was sentenced to 15 to 30 years' imprisonment for this offense. We affirm.

This case arises out of defendant's murder of his brother, Christopher Johnson, and wounding of the mother of Johnson's children, Linda Caddell, on July 2, 2021, in Detroit, Michigan. Defendant was thereafter charged, as a third-offense habitual offender, MCL 769.11, with first-degree premeditated murder, MCL 750.316, assault with intent to commit murder (AWIM), MCL 750.83, and two counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b.

On November 21, 2022, a plea hearing was held before the trial court. Pursuant to a plea agreement, defendant pleaded guilty to a reduced charge of second-degree murder, AWIM, and two counts of felony-firearm. The plea agreement provided that, in exchange for defendant's

---

[1] *People v Williams*, unpublished order of the Court of Appeals, entered December 21, 2023 (Docket No. 366339).

[2] Defendant also pleaded guilty to assault with intent to commit murder (AWIM), MCL 750.83, and two counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 15 to 30 years' imprisonment for the AWIM conviction and two years' imprisonment for each felony-firearm conviction. Only the second-degree murder conviction is at issue in this appeal.

guilty pleas, the third-offense habitual offender sentence enhancement would be dismissed, and included a sentencing agreement of 15 to 30 years' imprisonment on the second-degree murder and AWIM counts, and two years' imprisonment on each felony-firearm count, to be served concurrent to each other but consecutive to the sentences for the underlying felonies.

At the hearing, Defendant agreed to the charges contained in the plea agreement, including murder in the second degree, agreed that he had not been promised anything beyond the plea agreement, and agreed that it was his voluntary choice to plead guilty that day. He was asked how he wished to plead and his answer was "Guilty." The factual basis for the plea was then established as follows:

*Ms. Cooper* [prosecutor]: Mr. Williams[,] I'd like to draw your attention to July 2nd of 2021. Do you recall the date and time?

*The Defendant*: Yes, ma'am.

*Ms. Cooper*: And were you in fact that [sic] an address[,] 19469 Sunderland, City of Detroit[,] County of Wayne?

*The Defendant*: Yes, ma'am.

*Ms. Cooper*: And at that location[,] did you arrived [sic] at that location which was the home of your brother Christopher Johnson and his girlfriend Linda Caddell[?]

*The Defendant*: (Inaudible).

*Ms. Cooper*: Okay. And did you bring an assault rifle to that location?

*The Defendant*: Yes, ma'am.

* * *

*Ms. Cooper*: And you went up the stairs of that house to the interior the [sic] house to the bedroom area; is that correct?

*The Defendant*: Yes, ma'am.

*Ms. Cooper*: And when you get there you began shooting at Linda Caddell and Christopher Johnson; is that correct?

*The Defendant*: Yes, ma'am.

*Ms. Cooper*: And you fired multiple times at both of them?

*The Defendant*: (Inaudible).

*Ms. Cooper*: And ultimately you did take a handgun from the interior of that location and shoot Mr. Johnson in the head; is that true?

-2-

*The Defendant*:  Yes, ma'am.

*Ms. Cooper*:  Thank you.  I believe that a factual basis has been satisfied[,] Judge.

*Mr. Noakes* [defense counsel]:  I would concur, your Honor.

The trial court found that a factual basis for the plea was established, and the plea was understandingly and voluntarily made.  The trial court thereafter sentenced defendant as described earlier in this opinion.  Defendant now appeals.

Defendant argues that the trial court erred by accepting his guilty plea to second-degree murder because the factual basis set forth at the plea hearing was inadequate to establish that the plea was accurate.  We agree that the trial court plainly erred by accepting defendant's guilty plea to this offense, but disagree that defendant is entitled to relief on this basis.

A defendant preserves a challenge to the validity of a guilty plea by moving to withdraw the plea in the trial court.  MCR 6.310(D); *People v Armisted*, 295 Mich App 32, 45-46; 811 NW2d 47 (2011); see also *People v Baham*, 321 Mich App 228, 235; 909 NW2d 836 (2017) ("Defendant's challenge to the factual basis of his plea implicates the accuracy of his plea, and thus his claim falls squarely within the ambit of MCR 6.310(D).").  Defendant did not move to withdraw his plea in the trial court; accordingly, this issue is unpreserved.  This Court reviews unpreserved claims of error, whether constitutional or nonconstitutional, for plain error affecting substantial rights.  *Armisted*, 295 Mich App at 46.  "To establish entitlement to relief under plain-error review, the defendant must establish that an error occurred, that the error was plain, i.e., clear or obvious, and that the plain error affected substantial rights."  *People v Burkett*, 337 Mich App 631, 643; 976 NW2d 864 (2021) (quotation marks and citation omitted).  An error is "clear or obvious" when it is not subject to reasonable dispute.  *People v Randolph*, 502 Mich 1, 10; 917 NW2d 249 (2018).  A defendant demonstrates that an error affected his or her substantial rights by establishing prejudice, "i.e., that the error affected the outcome of the lower court proceedings."  *Id*.  Under the plain error standard, a defendant is only entitled to reversal "when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence."  *Id*. (quotation marks and citations omitted).  This Court reviews de novo the proper interpretation and application of the court rules.  *People v White*, 337 Mich App 558, 567; 977 NW2d 138 (2021).

As an initial matter, defendant waived any error regarding the adequacy of the factual basis set forth at the plea hearing.  Waiver is "the intentional relinquishment or abandonment of a known right.  One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error."  *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (quotation marks and citation omitted).  After the plea colloquy in which the factual basis was set forth, the following exchange occurred:

*Ms. Cooper* [prosecutor]:  Thank you.  I believe that a factual basis has been satisfied[,] Judge.

*Mr. Noakes* [defense counsel]:  I would concur, your Honor.

\* \* \*

> *The Court*:  Are the attorneys satisfied that the Court has complied with Court Rule 6.302?
>
> *Ms. Cooper*:  Yes.
>
> *Mr. Noakes*:  Yes, your Honor.
>
> *The Court*:  Court will find that a factual basis has been made.

By expressing satisfaction with the factual basis set forth at the plea hearing, defense counsel waived any challenge to the adequacy of the factual basis.  Accordingly, defendant's waiver extinguished this error, and defendant is not permitted to seek appellate review of this claim of error.

Moreover, defendant is precluded from challenging the adequacy of the factual basis for his plea on appeal because defendant failed to move in the trial court to withdraw his plea.  Because defendant's challenge to the factual basis for his plea implicates the accuracy of the plea, "his claim falls squarely within the ambit of MCR 6.310(D)," which provides:

> A defendant convicted on the basis of a plea may not raise on appeal any claim of noncompliance with the requirements of the rules in this subchapter, or any other claim that the plea was not an understanding, voluntary, or accurate one, unless the defendant has moved to withdraw the plea in the trial court, raising as a basis for withdrawal the claim sought to be raised on appeal. [*Baham*, 321 Mich App at 234-235, quoting MCR 6.310(D).[3]]

Thus, under MCR 6.310(D), "a motion to withdraw a plea constitutes a prerequisite for challenging the accuracy of a plea," and defendant's failure to move in the trial court to withdraw his plea precludes this Court's direct substantive review of this claim of error.  *Baham*, 321 Mich App at 235.  Notwithstanding that defendant waived this claim of error and this Court's direct substantive review is precluded under MCR 6.310(D), we will now address the merits of defendant's claim.

"A guilty or no-contest plea constitutes a waiver of several constitutional rights and thus triggers specific protections for the defendant."  *People v Guyton*, 511 Mich 291, 298; 999 NW2d 393 (2023).  Guilty pleas are governed by MCR 6.302, which provides that a plea must be "understanding, voluntary, and accurate" to be valid.  *People v Spears*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 357848), slip op at 6 (quotation marks and citation omitted).

---

[3] MCR 6.310 has been amended numerous times since this Court's decision in *Baham* through the adoption of Administrative Order No. 2019-06, 508 Mich clxviii (2022), Administrative Order Nos. 2018-33 and 2019-20, 507 Mich clxxxii (2021), Administrative Order No. 2019-27, 506 Mich cxv (2021), and Administrative Order No. 2016-07, 501 Mich ccli (2018).  The amendments to MCR 6.310 do not alter the language of MCR 6.310 relevant to the issue on appeal.  Citations and references to MCR 6.310 in this opinion refer to the version in effect at the time of the plea hearing.

The process trial courts must follow when accepting guilty pleas is set forth in MCR 6.302(B) to (D). *Guyton*, 511 Mich at 299.

Relevant to the issue on appeal, the accuracy requirement set forth in MCR 6.302 requires a trial court to "establish a factual basis that 'the defendant is guilty of the offense charged, or the offense to which the defendant is pleading.' " *Spears*, ___ Mich App at ___; slip op at 9, quoting MCR 6.302(D)(1). "A factual basis exists when the fact-finder could have found the defendant guilty on the basis of the facts elicited from the defendant at the plea proceeding," or when "an inculpatory inference can be drawn from what the defendant has admitted." *Id*. (quotation marks and citation omitted). Moreover, "a 'factual basis' is established when each element of a crime is shown on the record." *Id*. at ___; slip op at 10. The elements of second-degree murder are (1) a death, (2) caused by an act of the defendant, (3) with malice *Id*. at ___; slip op at 10, 12. Defendant argues that the factual basis set forth at the plea hearing did not establish that a death occurred, nor did it establish who died.[4] Defendant does not challenge the malice element of second-degree murder.

The trial court erred by accepting defendant's guilty plea to second-degree murder because the factual basis set forth at the plea hearing was inadequate to establish that the plea was accurate. Relevant to the second-degree murder count, the factual basis established that, on July 2, 2021, defendant shot Johnson multiple times, including shooting Johnson in the head. But the factual basis did not establish that Johnson died as a result of defendant's actions, nor did it support an inculpatory inference that Johnson died. Certainly, a person can sustain numerous gunshot wounds, including gunshot wounds to the head, and survive; thus, the mere fact that defendant admitted to shooting Johnson multiple times does not support an inference that Johnson died after defendant shot him. Because "a 'factual basis' is established when each element of a crime is shown on the record," and the record in the instant case does not establish that Johnson died as a result of defendant shooting him, the factual basis was inadequate to establish that the plea was accurate, and the trial court erred by accepting defendant's guilty plea to second-degree murder. Further, it is not subject to reasonable dispute that the victim's death is an element of second-degree murder, nor can it reasonably be disputed that the factual basis set forth at defendant's plea hearing did not establish that Johnson died as a result of defendant's actions. Defendant, therefore,

---

[4] Defendant also argues that, if our Supreme Court reverses the *Spears* Court's holding that "without justification or excuse" is not an element of second-degree murder, the factual basis for his plea was also inadequate because it did not establish that he acted without justification or excuse on July 2, 2021. Although an application for leave to appeal in *Spears* is pending before the Supreme Court, no decision has been rendered on the application at the time of this opinion. Because "[a] panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court," MCR 7.215(J)(1), this Court is bound by the *Spears* Court's holding. Further, pursuant to MCR 7.215(C)(2), "[t]he filing of an application for leave to appeal in the Supreme Court or a Supreme Court granting leave to appeal does not diminish the precedential effect of a published opinion" of this Court. Thus, defendant's argument regarding *Spears* is without merit.

-5-

has established both that the trial court committed error by accepting his plea, and that the error was plain, i.e., clear or obvious.

Notwithstanding the trial court's error, defendant is not entitled to relief on this basis because he has not established that the plain error affected his substantial rights. As an initial matter, defendant does not apply the plain error standard of review and, therefore, does not address whether the plain error affected his substantial rights. There is no support in the record for the assertion that this error affected the outcome of the lower court proceedings. Though defendant argues that the factual basis was inadequate to establish the death element of second-degree murder, defendant does not dispute that Johnson died after defendant shot him, nor does defendant dispute that Johnson's death was caused by defendant's conduct. Stated differently, defendant argues that the factual basis set forth at the plea hearing was inadequate to establish that the plea was accurate, but defendant does not argue that the plea was inaccurate.

"Strict compliance with MCR 6.302 is not essential. Our Supreme Court has adopted a doctrine of substantial compliance, and whether a particular departure from the requirements of MCR 6.302 justifies or requires reversal depends on the nature of noncompliance." *People v Brinkey*, 327 Mich App 94, 98; 932 NW2d 232 (2019) (citation omitted). Defendant's argument in the present case amounts merely to an assertion that the trial court did not strictly comply with MCR 6.402(B). Considering defendant does not dispute that Johnson died as a result of defendant's conduct, defendant has not established that he was prejudiced by the trial court's error in accepting his plea, i.e., he has not established that the error affected the outcome of the lower court proceedings. Even if defendant had established prejudice, however, defendant has not established that the error "resulted in the conviction of an actually innocent defendant" or "seriously affected the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *Randolph*, 502 Mich at 10 (citation omitted). Again, at the hearing, Defendant acknowledged the charges to which he was pleading included murder in the second degree, and defendant does not argue on appeal that his conduct did not result in the victim's death. Defendant, therefore, has not established that the plain error affected his substantial rights, and is not entitled to relief on this basis.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Colleen A. O'Brien
/s/ Randy J. Wallace

-6-