*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MAKENZIE LEE MCCOY DAUGHERTY,

        Defendant-Appellant.

UNPUBLISHED
October 24, 2025
10:23 AM

No. 372344
Macomb Circuit Court
LC No. 2022-002124-FH

Before: REDFORD, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] after pleading guilty to third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a) (victim between 13 and 15 years old). The trial court sentenced defendant, as a second-offense habitual offender, MCL 769.10, to 118 to 270 months' imprisonment. We affirm the trial court's denial of defendant's motion to withdraw his plea.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case involves defendant's guilty-plea conviction of CSC-III.[2] At the October 19, 2023 pretrial hearing, the prosecution agreed to reduce defendant's habitual offender status from fourth-offense to second-offense and indicated that the parties sought a *Cobbs*[3] evaluation from the trial

---

[1] *People v Daugherty*, unpublished order of the Court of Appeals, entered November 6, 2024 (Docket No. 372344) (HOOD, J. and WALLACE, J.; RIORDAN, P.J., dissenting).

[2] Defendant also pleaded guilty to committing larceny by stealing a firearm, MCL 750.357b. The trial court sentenced defendant to 18 to 90 months' imprisonment for that conviction, to be served concurrently with his sentence in this matter. His conviction of committing larceny by stealing a firearm is not at issue on appeal.

[3] See *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

court. In turn, defense counsel requested that the trial court consider sentencing defendant to 4 to 22 years' imprisonment for CSC-III.

The trial court agreed to a *Cobbs* evaluation and informed defendant regarding its terms in relevant part as follows:

> You have sought from this court the court has agreed to a *Cobbs* evaluation to the bottom one-third of the guidelines whatever they may be at the time of sentencing.
>
> In other words when those guidelines are calculated the court will stay within the bottom one-third of the range in setting your minimum sentence.

The trial court further explained that it would consider sentencing defendant under the Holmes Youthful Trainee Act, but made no promises regarding its applicability. Thereafter, defendant pleaded guilty to CSC-III.

Defendant's guidelines minimum sentence range was 87 to 181 months' imprisonment. At the sentencing hearing on November 29, 2023, neither defendant nor the prosecution identified the bottom one-third of the guidelines range. The trial court initially sentenced defendant to 120 to 270 months' imprisonment.

Defendant moved to withdraw his guilty plea, arguing that the plea was not knowingly and voluntarily made. In his view, defendant understood he would receive a 44.67-month minimum sentence under the *Cobbs* evaluation. Defendant calculated the bottom one-third of the guidelines range by dividing the mean of the range by three. Defendant also offered an alternative formulation to reach an 89.32-month minimum sentence. He reached this number by adding the top (181 months) and bottom (87 months) of the guidelines range, then dividing that value by three. Defendant alternatively argued he was entitled to withdraw his plea because the trial court did not abide by the *Cobbs* evaluation.

At the hearing on defendant's motion, the trial court calculated the bottom one-third of defendant's guidelines minimum sentence range as 87 to 118.33 months by dividing the number of months in the range by three, then adding that value to the bottom of the range.[4] The trial court acknowledged its initial 120-month minimum sentence was a "mistake," but indicated defendant's calculation "wouldn't make any sense." The trial court further explained that it informed defendant that his guidelines minimum sentence range was not yet calculated at the time of the plea. The trial court resentenced defendant, as stated above, but denied his motion to withdraw his plea. This appeal follows.

---

[4] Initially, the prosecution calculated the maximum sentence in the bottom one-third at 115.2 months, by using the trial court's method, but multiplying the number of months in the guidelines range by 0.3. The prosecution then filed a memorandum with the same calculation as the trial court.

## II. PLEA WITHDRAWAL

Defendant argues the trial court erred by denying his motion to withdraw his plea. He asserts he was not fully aware of the consequences of his plea, because he could fairly interpret his 118-month minimum sentence to not fall within the bottom one-third of his guidelines range. We disagree.

This Court reviews a trial court's denial of a motion to withdraw a plea for an abuse of discretion. *People v Cole*, 491 Mich 325, 329; 817 NW2d 497 (2012). A trial court abuses its discretion when it makes an error of law, or when its decision falls outside the range of reasonable and principled outcomes. *People v Hawkins*, 340 Mich App 155, 173; 985 NW2d 853 (2022). This Court reviews constitutional issues and the interpretation of court rules de novo. *Cole*, 491 Mich at 330.

"A no-contest or a guilty plea constitutes a waiver of several constitutional rights, including the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers." *Id*. at 332. An effective waiver of these rights requires the plea to be voluntary and knowing. *Id*. at 332-333. As a matter of constitutional due process, a defendant "must be fully aware of the direct consequences of the plea," including the sentence to be imposed. *Id*. at 332-334 (quotation marks and citations omitted). Our court rules incorporate these constitutional requirements in MCR 6.302(A), which states a trial court may not accept a guilty plea "unless it is convinced that the plea is understanding, voluntary, and accurate." A defendant may move to withdraw their plea after sentencing. MCL 6.310(C)(1). A trial court must invalidate the plea if the defendant shows it "was neither understandingly nor voluntarily made . . . ." *People v Brinkey*, 327 Mich App 94, 98; 932 NW2d 232 (2019) (quotation marks and citation omitted).

In this case, defendant entered a guilty plea in reliance on the trial court's *Cobbs* evaluation. "A Cobbs agreement is an agreement in which a defendant agrees to plead guilty in reliance on the trial court's preliminary evaluation of the sentence to be imposed." *Id*. at 99, citing *Cobbs*, 443 Mich at 283. Before accepting a guilty plea and at the request of a party, "a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense." *Cobbs*, 443 Mich at 283 (emphasis omitted). The court's preliminary evaluation may be either a "sentence to a specified term or within a specified range . . . ." MCR 6.310(B)(2)(b). This *Cobbs* evaluation does not bind a sentencing judge's discretion. *Cobbs*, 443 Mich at 283. "However, a defendant who pleads guilty . . . in reliance upon a judge's preliminary evaluation . . . has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *Id*.

Defendant argues his plea was not knowing or voluntary because he subjectively understood the bottom one-third of the guidelines range to be approximately four years or 48 months at the time he entered his plea. The inquiry is not what defendant's subjective understanding of the plea is, but rather how defendant would "fairly interpret[]" the terms of the preliminary evaluation. See *People ex rel Valle v Bannan*, 364 Mich 471, 477-478; 110 NW2d 673 (1961). The 4-year number asserted by defendant appears to come from a request defense counsel made before the trial court stated its preliminary evaluation, "The rest of the criminal sexual conduct case we are requesting consideration of 4 to 22 years." However, the trial court did not agree to defense counsel's request. Instead, when making the preliminary evaluation, the

trial court expressly warned defendant that it would stay within the bottom one-third of the guidelines range when that range was calculated at the time of sentencing. Plain from this warning, the trial court did not agree or state what the guidelines was at the plea hearing, but promised that it would stay in the bottom one-third of that range when it was determined at sentencing. Consequently, no express range was articulated in the trial court's preliminary evaluation. Defendant's assertion that he understood the bottom one-third of the guidelines range to be approximately four years at the time he entered the plea was not a reasonable interpretation of the trial court's preliminary evaluation. See *Brinkey*, 327 Mich App at 102 (holding that a plea was not knowingly or voluntarily made when it was apparent from the record that there was confusion regarding the terms of the *Cobbs* evaluation).

On appeal, defendant attempts to justify this number by offering an alternative calculation of the bottom one-third of the sentence range in which defendant added the top and bottom of the guidelines range, divided that number by two to find the mean, and multiplied it by one-third. Defendant contends that the result of this calculation, 44.67 months, was more in line with defendant's understanding of the preliminary evaluation. However, he could not have fairly interpreted the *Cobbs* evaluation that his sentence would fall within "the bottom one-third of the guidelines," to require a sentence entirely and significantly below his guidelines range.

Alternatively, defendant argues he could have understood the bottom one-third of his guidelines range to be 87 to 89.32 months. He reached this number by adding the top and the bottom of the guidelines range, then dividing that value by three. Defendant could not have fairly interpreted the *Cobbs* evaluation to require his alternate calculation. As relevant here, a "third" is defined as: "[B]eing one of three equal parts into which something is divisible[.]" *Merriam-Webster's Collegiate Dictionary* (11th ed). Defendant's calculation of the bottom one-third as ending at 89.32 months would place the middle third as ending at 91.64 months, and the upper third as ending at 93.96 months. This is a plainly incorrect result, since the actual maximum of defendant's guidelines range was 181 months. The trial court calculated the bottom third of the range as 87 to 118.33 months, by dividing the number of months in the range by three, then adding that value to the bottom of the range. Whatever sentence defendant subjectively believed he would receive, the trial court was not required to withdraw his plea based on basic mathematical errors. Defendant's plea was voluntary and knowing.

To the extent defendant argues he had an absolute right to withdraw his plea, we disagree. Defendant's sentence did not exceed the trial court's preliminary *Cobbs* evaluation. See *Cobbs*, 443 Mich at 283. At the plea hearing, the trial court explained that the sentence would fall within "the bottom one-third of the guidelines whatever they may be at the time of sentencing." As the trial court acknowledged, defendant's initial minimum sentence of 120 months did not fall within the bottom one-third the trial court calculated, 87 to 118 1/3 months. However, the trial court resentenced defendant within the bottom one-third when it imposed a 118-month minimum sentence. Defendant was not entitled to withdraw his plea.

Affirmed.

/s/ James Robert Redford
/s/ Thomas C. Cameron
/s/ Sima G. Patel

-4-