*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 20, 2023

Plaintiff-Appellee,

v

No. 363465
Oakland Circuit Court
LC No. 2021-277569-FH

WILLIE JAMES EVANS,

Defendant-Appellant.

Before: GADOLA, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] after pleading no contest, pursuant to a *Cobbs*[2] agreement, to one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f, two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, one count of felonious assault, MCL 750.82, and one count of reckless use of a firearm, MCL 752.863a. Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 48 months to 20 years' imprisonment for the felon-in-possession conviction, two years' imprisonment for the felony-firearm convictions, 48 months to 15 years' imprisonment for the felonious assault conviction, and 107 days in jail for the reckless use of a firearm conviction. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

This case began when police officers responded to a call about shots fired at a home located in Lathrup Village. A neighbor of defendant had called 911 to report that she had been in an argument with defendant, who was upset that her dog had been too loud. Defendant then retrieved a gun, fired multiple shots in the air, and pointed it in his neighbor's face. Defendant's neighbor told the responding officers that defendant was in his garage, and the officers subsequently ordered

---

[1] *People v Evans*, unpublished order of the Court of Appeals, entered December 1, 2022 (Docket No. 363465).

[2] *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993).

him to exit the garage and show his hands. Defendant proceeded to open the house door and yelled at his aunt to come outside. Officers ordered defendant to exit the garage a second time; defendant complied and was patted down for weapons. While the police did not find any weapons, they noticed a spent bullet casing by defendant's feet on his driveway.

During a pretrial hearing, defendant requested a preliminary evaluation of his sentences pursuant to *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993). The trial court agreed to a *Cobbs* evaluation to the bottom one-third of the applicable sentencing guidelines for the felon-in-possession, felonious assault, and reckless use of a firearm offenses, in addition to the mandatory two-year sentences for the felony-firearm convictions. Defendant then pleaded no contest pursuant to the *Cobbs* agreement. The first sentencing hearing was conducted virtually but was adjourned because defendant did not have the opportunity to review the presentence investigation report (PSIR). Defendant requested that the trial court hold the second sentencing hearing in person.

During the second sentencing hearing, defense counsel noted that defendant was not in the courtroom with him and that defendant would be appearing virtually for the hearing without an explanation.[3] The trial court stated that defendant was supposed to appear in person for the hearing and proceeded to ask defendant if he wished to continue with the sentencing virtually. Defendant said that he received a text message stating that the sentencing hearing would be conducted virtually. Defense counsel shared that he had the opportunity to review the PSIR with defendant and did not have any objection to holding the hearing virtually. The trial court noted its preference for holding the hearing in person because of the nature of defendant's sentences and asked defendant if there was any reason he would not be able to drive to the courthouse. Defendant stated that it would take him approximately 30 minutes to arrive at the courthouse, but he never appeared to complete the hearing. A bench warrant was issued.

Following defendant's abscondence, the trial court held a third, and final, sentencing hearing. The prosecution noted the events of the last sentencing hearing, during which defendant indicated he would appear at the courthouse within 30 minutes for sentencing, but defendant failed to appear, and evaded the authorities for approximately six weeks. The prosecution asserted that, based on defendant's conduct, the trial court was not obligated to follow the *Cobbs* evaluation and requested that defendant be sentenced above the 14 to 58 month sentencing guidelines range. Defendant stated that he pleaded no-contest to the underlying offenses with the expectation he would be sentenced within the bottom one-third of the sentencing guidelines per the *Cobbs* evaluation and explained he was unable to appear in person for the second sentencing hearing because his aunt, who was supposed to watch two of defendant's four children, was hospitalized the night before the hearing. Defendant attempted to contact other family members to supervise his children but was unsuccessful. Thus, he appeared virtually instead. Defendant asserted that after the trial court informed him he needed to appear in person for the second sentencing hearing,

---

[3] It is unclear from the record exactly when defendant was informed the second sentencing hearing would be conducted in person. However, based on the statements of defense counsel, the prosecution, and the trial court during the second sentencing hearing, which all noted the hearing was expected to be in person, it is evident defendant received prior notice.

defendant was only able to drop off his children at approximately 11:00 a.m., an hour after the trial court's request. Defendant told the court he was aware that an arrest warrant had been issued by then, but he did not turn himself in because he wanted to spend the holidays with his children before his incarceration.

Defendant asked whether he would be eligible to withdraw his plea if the court elected not to abide by the terms of the *Cobbs* agreement. The trial court responded:

> My—my predecessor, in compliance with *People v Cobbs* agreed to a sentence (indiscernible) lower third of the guidelines plus the two-year mandatory; however, the defendant did not appear for sentencing and was picked up on a bench warrant. Further, the *Cobbs* agreement was made without being fully apprised of the effect of the—the past criminal history and—which should have been the mandatory length of sentence under the proper charge.

The trial court initially sentenced defendant to 48 to 96 months' imprisonment for the felon-in-possession and felonious assault convictions, two days in jail for the reckless use of a firearm conviction, and two years' imprisonment for the felony-firearm convictions. However, after the trial court announced defendant's sentences, the probation officer informed the court that the felon-in-possession conviction, which was subject to a fourth-offense habitual offender enhancement, required a maximum sentence of at least 20 years and that the felonious assault conviction, which also qualified for an enhancement, necessitated a maximum sentence of at least 15 years. The court adjusted the maximum sentences accordingly but maintained the original minimum imprisonment terms, which were within the minimum sentencing guidelines range of 14 to 58 months.

## II. DISCUSSION

### A. PLEA WITHDRAWAL

Defendant first argues that he was entitled to specific performance of the trial court's preliminary evaluation of his sentences under *Cobbs*, or to withdraw his plea, because the sentences imposed exceeded the trial court's preliminary evaluation under *Cobbs*. We disagree.

"A trial court's ruling on a motion to withdraw a plea is reviewed for an abuse of discretion." *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015). "An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes." *Id*. Whether the court is legally required to adhere to the sentence contained in a *Cobbs* agreement is a question of law. *People v Brinkey*, 327 Mich App 94, 97; 932 NW2d 232 (2019). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Everett*, 318 Mich App 511, 516; 899 NW2d 94 (2017). Questions of law are reviewed de novo. *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012).

In *Cobbs*, 443 Mich at 283, our Supreme Court held that a trial court may provide a preliminary evaluation of the length of a sentence to a defendant who pleads guilty or no contest:

At the request of a party, and not on the judge's own initiative, a judge may state *on the record* the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.

\* \* \*

The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources. However, a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation. [*Id.*]

The right to withdraw a plea after acceptance but before sentencing remains subject to MCR 6.310(B), see *People v Martinez*, 307 Mich App 641, 648; 861 NW2d 905 (2014), and MCR 6.310(B)(3) provides in relevant part:

Except as allowed by the trial court for good cause, a defendant is not entitled to withdraw a plea . . . if the defendant commits misconduct after the plea is accepted but before sentencing. For purposes of this rule, misconduct is defined to include, but is not limited to: absconding or failing to appear for sentencing, violating terms of conditions on bond or the terms of any sentencing or plea agreement, or otherwise failing to comply with an order of the court pending sentencing.

In the present case, defendant pleaded no contest to the charges against him, and received a sentence evaluation from the trial court as provided in *Cobbs*. Defendant subsequently failed to appear for the second sentencing hearing after the trial court requested his presence in person, absconded for six weeks, and was later arrested pursuant to a bench warrant. Indeed, defendant admitted that he knew there was a bench warrant but chose not to turn himself in because he didn't want to be incarcerated during the holidays. Defendant asserts that he was ready and willing to be sentenced virtually during the first two sentencing hearings, however, it was defendant who requested an adjournment during the first sentencing hearing to review the PSIR, and further asked the trial court to hold the second sentencing hearing in person. Moreover, during the second sentencing hearing, defendant did not object or share any grievances with the trial court regarding his inability to appear at the courthouse, rather, defendant asserted he would be there in 30 minutes. Defendant failed to appear, and then absconded for approximately six weeks to spend the holidays with his family prior to his incarceration.

Defendant's actions fit squarely within the exception for plea withdrawals provided for in MCR 6.310(B)(3), which states "misconduct is defined to include, but is not limited to: absconding or failing to appear for sentencing[.]" Therefore, the trial court did not abuse its discretion, or otherwise err, when it imposed sentences that were not in accordance with the *Cobbs* evaluation, and subsequently denied defendant's request to withdraw his plea.

B. INACCURATE INFORMATION

-4-

Defendant argues, and the prosecution concedes, that he is entitled to resentencing because the trial court imposed enhanced maximum sentences under the mistaken belief that it lacked the discretion to impose a lesser term due to defendant's fourth-offense habitual offender status. We agree.

This Court generally reviews de novo the issue of whether a defendant was denied due process of law. *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006). However, because defendant failed to preserve the issue by raising attendant objections below, this Court reviews his claims for plain error that affected substantial rights. *People v Pipes*, 475 Mich 267, 279; 715 NW2d 290 (2006). " 'To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights.' " *People v Stokes*, 333 Mich App 304, 307; 963 NW2d 643 (2020), quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*.

Barring constitutional error, if a sentence is within the appropriate guidelines range, this Court must affirm the sentence unless the trial court erred in scoring the guidelines or relied on inaccurate information in determining the defendant's sentence. MCL 769.34(10); *People v Babcock*, 469 Mich 247, 261; 666 NW2d 231 (2003). In the present case, it is undisputed that the trial court imposed enhanced maximum sentences under the mistaken belief that it lacked the discretion to impose a lesser term due to defendant's fourth-offense habitual offender status. MCL 769.12(1) provides, in relevant part:

> If a person has been convicted of any combination of 3 or more felonies or attempts to commit felonies . . . and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under section 13 of this chapter as follows:
>
> * * *
>
> (b) If the subsequent felony is punishable upon a first conviction by imprisonment for a maximum term of 5 years or more or for life, the court . . . *may* sentence the person to imprisonment for life or for a lesser term.
>
> (c) If the subsequent felony is punishable upon a first conviction by imprisonment for a maximum term that is less than 5 years, the court . . . *may* sentence the person to imprisonment for a maximum term of not more than 15 years. [Emphasis added.]

MCL 750.224f(5) provides a felon-in-possession offense is punishable by imprisonment for not more than five years upon a first conviction. MCL 750.82(1) states a felonious assault offense is punishable by imprisonment for not more than four years upon a first conviction.

Pursuant to MCL 769.12(1)(b) and (c), because the maximum sentence for the felon-in-possession conviction was more than five years, and the maximum sentence for the felonious assault conviction was more than four years, the trial court had discretion in the imposition of the maximum sentences, and it was within its authority to opt for the maximum of 96 months' imprisonment during the final sentencing hearing. See *People v Bonilla-Machado*, 489 Mich 412, 416, 429-430; 803 NW2d 217 (2011) (holding that "the trial court erred when it stated that it was bound by law to enhance [the] defendant's maximum sentences" because "[a]pplication of the enhanced maximum sentence is discretionary, not mandatory").

The trial court only imposed the 20-year enhanced maximum for the felon-in-possession conviction, and 15-year enhanced maximum for the felonious assault conviction after being erroneously informed by a probation officer that these enhanced maximums were mandatory:

> *Ms. Benninger [Defense Counsel]*. Your Honor—
>
> *The Court*. Yes? Th—
>
> *Ms. Dotson [Probation Officer]*. Your honor, do you see my hand?
>
> *The Court*. Yes, go right ahead.
>
> *Ms. Dotson*. Your Honor, count one is a habitual fourth with—with a lifetime max, so the minimum—I mean the max has to be more than 96 months. It has to be at least 20 years.
>
> *The Court*. Oh, all right. Well, we're going to keep the minimum the minimum. So, we'll do 48 months; maximum has to be 20 years?
>
> *Ms. Dotson*. Twenty years.
>
> *The Court*. Then, we'll make it 20 years—
>
> *Ms. Dotson*. And for—
>
> *The Court*. —that correction.
>
> *Ms. Dotson*. —and for count three, it has to be at least 15 years.
>
> *The Court*. All right. And for count three, we're going to make the maximum 15 years. At the minimum, I want to maintain his 48 months.
>
> *Ms. Dotson*. Okay.

Defendant ultimately demonstrated that an error occurred, as explained above, and the prosecution concedes that the trial court erred when it imposed enhanced maximums under the mistaken belief that it lacked the discretion to impose a lesser term due to defendant's fourth-offense habitual offender status. Second, the error was plain, and the prosecution concedes that the error was plain, pursuant to the language in MCL 769.12 discussing discretionary enhanced

sentences for fourth-offense habitual offenders. Third, defendant was clearly prejudiced by this error because the trial court imposed enhanced maximums for the felon-in-possession and felonious assault convictions, which were a significant increase from the 96-month maximum sentences initially imposed by the trial court. See *People v Kimble*, 470 Mich 305, 313; 684 NW2d 669 (2004) (stating that "[i]t is difficult to imagine what could affect the fairness, integrity and public reputation of judicial proceedings more than sending an individual to prison and depriving him of his liberty for a period longer than authorized by the law"). Therefore, defendant is entitled to resentencing.

We affirm defendant's conviction, vacate his sentence, and remand for additional proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado